EL PUEBLO, DEMANDANTE Y APELADO, *v.* MONTAÑEZ ET AL., ACUSADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Humacao en causa por acometimiento y agresión simple.

No. 1990.—Resuelto en febrero 19, 1923.

ACUSACIÓN—TESTIGOS—JUEZ INSTRUCTOR.—De acuerdo con el artículo 3 del Código de Enjuiciamiento Criminal, como quedó enmendado por la ley de mayo 28, 1904, una acusación presentada por el fiscal ante la corte de distrito no es defectuosa por el hecho de que los testigos en que está basada, no hubie-

ran sido examinados bajo juramento por dicho funcionario sino por el juez de paz que actuó como juez instructor.

ID. — ACOMETIMIENTO Y AGRESION GRAVE — INTENCIÓN DE CAUSAR DAÑO CORPO-RAL.—Imputa la intención de causar daño corporal, aunque en forma imperfecta, una acusación por acometimiento y agresión grave que en lo pertinente expresa: "los * *, * acusados * * * ilegal, voluntaria y maliciosamente acometieron y agredieron a * * * , quien era un funcionario legal (policía insular de Puerto Rico), en el cumplimiento de sus deberes, sabiendo los acusados que dicho * * * era tal policía, en el cumplimiento de sus deberes, asestándole varios golpes con los puños y con palos que le produjeron varias heridas de carácter grave."

ID.—ID.—TRANSCRIPCIÓN—PRUEBA.—Cuando la prueba no consta' en la transcripción, el Tribunal Supremo no está en condiciones de resolver si la corte de distrito erró al condenar a los acusados por acometimiento y agresión simple de acuerdo con el veredicto del jurado, habiendo sido acusados .de acometimiento y agresión grave cometido en la persona de un funcionario público.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. R. Cuevas Zequeira.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

El fiscal de la Corte de Distrito de Humacao formuló acusación contra José y Juan Montañez, Manuel Dávila y Dámaso Ayala. Al pie del documento aparece lo que sigue: "La acusación que antecede está basada en el testimonio de testigos examinados bajo juramento ante el Juez de Paz de Fajardo, creyendo solemnemente que existe justa causa para presentarla al Tribunal." En tiempo y forma alegaron los acusados que no fundándose la acusación en testigos examinados por el Fiscal, debía desestimarse. La corte de distrito resolvió la cuestión levantada en contra de los acusados. Se celebró el juicio ante un jurado y éste rindió su veredicto declarando no culpable a Manuel Dávila, culpable de acometimiento y agresión simple a José y Juan Montañez y de acometimiento y agresión con circunstancias agravantes a Dámaso Ayala. Dictada sentencia por la corte se apeló de ella por los perjudicados para ante este tribunal.

1. Insisten los apelantes en su alegato en que la acusa-

ción debió desestimarse por no haberse presentado de acuerdo con la ley.

La mente del apelante estuvo fija sin duda en los artículos 71 y 72 del Código de Enjuiciamiento Criminal. En el segundo, al transcribirse la forma de la acusación se dice, en parte: "Certifico por el presente que la acusación que precede está presentada tomando como base para ello la declaración jurada de testigos examinados por mí, * * *." Pero el artículo 70, que también podría invocarse para sostener la contensión de los apelantes, se refiere al 3 del propio cuerpo legal y dicho artículo 3, tal como quedó enmendado por ley de 28 de mayo de 1904, dispone que "Todo delito respecto del cual tuviere jurisdicción original la corte de distrito, deberá perseguirse en virtud de acusación presentada por el fiscal en sala de justicia y confirmada con su declaración jurada que será suficiente si en ella se expresa que la acusación se funda en las declaraciones de testigos juramentados por él o (*en*) *las declaraciones de testigos examinados ante un juez instructor* * * *." Las itálicas son nuestras.

No es necesario el examen de la jurisprudencia. La ley resuelve la cuestión planteada en el sentido de la validez de la acusación.

Para explicar por qué conoció originalmente de este delito menos grave la corte de distrito, véase la Ley No. 84 de 22 de julio de 1919 enmendando el artículo 178 de la Ley de Enjuiciamiento Criminal vigente y concediendo el derecho a juicio por jurado en algunos *misdemeanors*.

2. La segunda cuestión que se levanta es la de que no alegándose expresamente en la acusación que los acusados realizaron el acometimiento y agresión con la intención de causar daño corporal, no es suficiente, y debió desestimarse.

La acusación, en lo pertinente, dice: "los acusados * * * ilegal, voluntaria y maliciosamente acometieron y agredieron a Trinidad Rosario, quien era un funcionario legal (policía in-

sular de Puerto Rico), en el cumplimiento de sus deberes, sabiendo los acusados que dicho Trinidad Rosario era tal policía, en el cumplimiento de sus deberes, asestándole varios golpes con los puños y con palos que le produjeron varias heridas de carácter grave.''

Dice la sección 1 de la Ley de 1904 para determinar y castigar acometimiento * * *, lo que sigue: ''Todo acto ilegal de inferir algún daño violento en la persona de algún semejante con la intención de causarle daño, constituirá un delito de acometimiento y agresión.'' Y la sección 6 de la propia ley fija los casos en que el acometimiento y agresión será considerado con circunstancias agravantes. Son diez. El primero es ''cuando se comete en la persona de un funcionario legal en el cumplimiento de sus deberes * * * '' y el noveno ''cuando se cometiera con intención premeditada para el fin calculado de inferir graves heridas corporales.''

No hay duda alguna que en la acusación se imputa expresamente la circunstancia agravante primera de la sección 6 de la ley. La cuestión a estudiar es la de si se imputa fundamentalmente el delito de acometimiento y agresión simple tal como lo define la ley. Esta, en su sección primera, usa las palabras ''con la intención de causarle daño.'' Esas palabras no se consignan expresamente en la acusación. El fiscal debió haberlas consignado. Debe ponerse un especial cuidado en la redacción de las acusaciones. La pureza del procedimiento, el respeto a los derechos del acusado y a la léy, lo requieren de consuno. No debe dejarse a inferencias, lo que con un leve esfuerzo puede consignarse expresamente.

Ahora bien, a nuestro juicio el error cometido no es de tal modo fatal que vicie la acusación por completo, ya que de sus términos cualquier persona de inteligencia común puede deducir que los acusados acometieron y agredieron al funcionario con la intención de causarle daño, pues le *asestaron varios golpes con los puños y con palos que le pro-*

*dujeron varias heridas de carácter grave.* El Diccionario de la Real Academia Española dice que *asestar* significa: "Dirigir un arma, o cosa que haga su oficio, hacia el objeto que se quiere amenazar u ofender con ella. Asestar el cañón, la lanza. Descargar contra un objeto el proyectil o el golpe de un arma o de cosa que haga su oficio. Asestar un tiro, una puñalada, una pedrada, un puñetazo. (Fig.). Hacer tiro, *intentar causar algún daño a otro.*" El acto fué voluntario, malicioso, y no se concibe que una persona acometa y realice una agresión contra otra voluntaria y maliciosamente asestándole golpes con puños y palos produciéndole heridas graves, sin la intención de causarle daño.

Estamos enteramente conformes con la jurisprudencia que cita el apelante en el sentido de que es esencial la alegación de la intención de causar daño. Lo que resolvemos es que, aunque en forma imperfecta y no recomendable, tal intención se ha alegado. Algunos de los casos invocados por el apelante se refieren al acometimiento y agresión con la agravante señalada con el número noveno en la sección 6 de la ley, a que nos hemos referido. La alegación específica de la intención premeditada para el fin calculado de inferir graves heridas corporales, es en tales casos absolutamente necesaria, como que dicha intención específica es lo que constituye la circunstancia agravante imputada. Aquí la circunstancia agravante fué otra.

En el caso de *El Pueblo* v. *Astacio,* 23 D. P. R. 844, esta corte, por medio del Juez Asociado Sr. Aldrey, se expresó así:

"No hay duda de que de acuerdo con la ley de marzo 10 de 1904 para derogar el artículo 237 del Código Penal y para determinar y castigar acometimiento y acometimiento y agresión simple o con circunstancias agravantes la intención de causar daño es un elemento esencial del delito de acometimiento y agresión, pero como la intención es un estado de la mente hay que deducirla de los hechos que se realizan y por esto el artículo 12 del Código Penal dice que la intención criminal se manifiesta por las circunstancias relacio-

nadas con el delito y el sano juicio y discreción del acusado, así como que se presume por la manera y deliberación con que se intente o cometa un acto ilegal con el propósito de perjudicar a otro. Para que la intención exista basta que el daño corporal sea el resultado de la conducta ilegal de otra persona porque la ley supone que toda persona intenta las consecuencias naturales y razonables de sus actos voluntariamente ejecutados. Artículo 102, No. 3 de la Ley de Evidencia. En consecuencia, para poder determinar si el apelante tuvo intención criminal de causar el daño que produjo a Monserrate Padilla es necesario que expongamos la manera cómo ocurrieron los hechos que dieron ese resultado." 23 D. P. R. 844.

Se procede entonces a analizar la prueba concluyéndose que demuestra la intención requerida por la ley.

Es cierto que aquí se trata de una excepción previa, pero el principio es el mismo. Una excepción admite la verdad de los hechos alegados. Y a nuestro juicio si la prueba hubiera demostrado la comisión de los hechos tal como se alega en la acusación, surgiría clara la intención de causar daño por parte de los acusados.

3. Sostiene por último la parte apelante que la Corte de Distrito erró al condenar a Juan y a José Montañez por acometimiento y agresión simple habiendo sido acusados de acometimiento y agresión grave.

La prueba no forma parte de la transcripción. Fué apreciada por el jurado. La sentencia se pronunció de acuerdo con el veredicto. No estamos en condiciones de resolver la cuestión planteada.

Debe confirmarse la sentencia recurrida.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Aldrey, Hutchison y Franco Soto.

El Juez Asociado Sr. Wolf firmó: "Conforme con la sentencia."

OPINIÓN CONCURRENTE DEL JUEZ ASOCIADO SR. WOLF.

Estoy conforme con la sentencia dictada pero no puedo convenir con que la palabra "asestar" denote por sí necesariamente la "intención de causar daño." Lo que entiendo es, y lo revela aparentemente el diccionario, que la palabra "asestar" empleada como verbo transitivo significa en la relación en que ha sido usada, la misma cosa que "dar." Por otra parte la intención puede presumirse de los hechos, artículo 12 del Código Penal, y cuando una acusación o denuncia expresa hechos de los cuales se presume una intención y contradice su ausencia, eso es todo lo que debe exigirse de un fiscal. Sería mucho mejor práctica alegar la intención específicamente, pero en el presente caso no veo cómo es que podía surgir una falta de intención sin negarse uno o más de los otros hechos alegados.