EL PUEBLO, DEMANDANTE Y APELADO, *v.* PACHECO, ACUSADO Y APELANTE.

No. 2150.—*Visto:* Enero 17, 1924. *Resuelto:* Mayo 29, 1924.

DELITO CONTRA EL ERARIO—ALEGACIÓN INNECESARIA—ACUSACIÓN SUFICIENTE.— Cumple con los requisitos exigidos por el art. 372 del Código Penal de Puerto Rico, inciso 1°., una acusación en la cual se alega que siendo el acusado Comisionado Municipal de Hacienda del Municipio de Guayanilla, P. R., y como tal encargado de recibir, guardar, traspasar o desembolsar fondos públicos a dicho municipio, recibió y tuvo bajo su posesión oficial $590.15, cuya suma se apropió para su uso particular o el de otra persona. No era indispensable hacer constar expresamente que los fondos pertenecían al erario público. Tal conclusión se deduce de los hechos alegados. Sin embargo, se recomienda la alegación expresa en casos semejantes como práctica mejor.

ID.—*Bill of Particulars*—DISCRECIÓN JUDICIAL.—La función del pliego de particulares en un caso criminal es informar al acusado más ampliamente del cargo que se le hace, cuando la acusación es buena como pliego de alegaciones y la corte es de opinión que el acusado tiene derecho a alguna información adicional antes de obligársele a ir a juicio. Y cuando el apelante no demuestra la necesidad en que estaba de tales especificaciones o que sufrió perjuicio, la negativa de la corte no será revocada en apelación.

SENTENCIA de *R. Díaz Cintrón,* J. (Ponce), condenando al acusado a un año de presidio por delito contra el erario. *Confirmada.*

*Martínez Nadal* y *Tormes & Colón,* abogados del apelante; *José E. Figueras, Fiscal,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El acusado apelante fué condenado por la Corte de Distrito de Ponce a sufrir un año de presidio como autor de un delito contra el erario público. No conforme, apeló, señalando en su alegato tres errores cometidos, a su juicio, por la corte, 1, al declarar sin lugar su moción en solicitud de un *bill of particulars;* 2, al negarse a conceder un nuevo juicio, y 3, al declarar culpable al acusado.

No hay base para estudiar y resolver el tercero de los

errores señalados.  La prueba no se elevó a esta corte.  En el alegato sólo se discute en verdad el primer error, pero en el acto de la vista, oralmente, el abogado del acusado insistió en que la acusación no imputa la comisión de un delito, cuestión que se levantó en la moción de nuevo juicio y que por tanto está comprendida en el segundo error y que, aunque no lo estuviera, podría ser levantada en cualquier momento.  Procederemos a su estudio.

La acusación, base del proceso, copiada a la letra, en lo pertinente, dice:

"Mediante esta información el Gran Jurado del Distrito de Ponce, P. R., el día 26 de marzo de 1923 acusa a Tomás A. Pacheco del delito contra el erario público (*felony*) cometido del modo siguiente: El referido Tomás A. Pacheco, en el período de tiempo comprendido entre el 14 de septiembre de 1921 al 16 de agosto de 1922 y en el distrito de Ponce, P. R., siendo Comisionado Municipal de Hacienda del Municipio de Guayanilla,. P. R., encargado de recibir, guardar, traspasar o desembolsar fondos públicos pertenecientes a dicho Municipio, recibió y tuvo bajo su posesión oficial quinientos noventa dollars y quince centavos ($590.15), moneda de los Estados Unidos de curso legal, y allí y entonces, fraudulentamente, sin autoridad de ley, maliciosa y criminalmente, se apropió para su uso particular o de otra persona, los precitados quinientos noventa dólares quince centavos ($590.15) moneda de los Estados Unidos de curso legal."

El título diez y seis del Código Penal trata de los delitos contra el erario de Puerto Rico.  Su primer artículo, el 372 del Código, contiene diez formas distintas de cometer el delito.  Es la primera la aplicable a este caso.  Dice:

"Todo funcionario de Puerto Rico o de cualquier municipio o distrito local y toda persona encargada de recibir, guardar, traspasar o desembolsar fondos públicos que (1) sin autoridad legal los apropiare en todo o en parte, para su uso particular o el de otra persona;  . . . . incurrirá en pena de presidio por uno a diez años, quedando además incapacitado para ejercer cargo público."

Se sostiene por el apelante que si bien en la acusación se expresa que el acusado es un funcionario de un municipio encargado de recibir, guardar, traspasar o desembolsar

fondos públicos pertenecientes a dicho Municipio y se le imputa el hecho de haber recibido y tenido bajo su posesión oficial $590.15 y el de habérselos apropiado fraudulentamente para su uso particular, en ninguna parte de ella se consigna que dichos fondos fueran dineros pertenecientes al erario público.

A nuestro juicio la acusación hubiera sido más completa si se hubiera consignado expresamente en ella que los dineros apropiados pertenecían al erario, pero creemos que de sus términos puede llegarse a la realidad de dicha conclusión. Se concibe que un comisionado de hacienda municipal merezca tal confianza a sus convecinos que éstos le entreguen fondos para que los custodie y en tal caso si el Comisionado se apropiara de dichos fondos no cometería el delito por el que fué aquí juzgado y condenado el acusado. Pero ése no es el caso que presenta la acusación. Aquí se dice que los dineros de que se apropió el comisionado los "tuvo bajo su posesión oficial." Si no recordamos mal, el abogado del apelante se refirió al caso de dineros pertenecientes a algún contratista de obras municipales que pudieren ser por él depositados en el comisionado. Creemos que la acusación, tal como está redactada, excluye también dicho caso. Lógicamente, examinada en conjunto la acusación, se concluye que contiene la afirmación implícita de tratarse de fondos públicos y no privados.

La conclusión a que hemos llegado está sostenida por la jurisprudencia. Dice Corpus Juris:

"En una acusación contra un funcionario público, se permite gran liberalidad en la descripción del dinero o fondos apropiados, por razón de la necesidad del caso, y es innecesario especificar con certeza la clase determinada de dinero o fondos, si se trata de monedas de oro o plata, o de billetes de curso legal, o expresar la denominación de cada moneda o billete, o especificar cuándo o de quién el dinero fué recibido, pero en tal acusación debe haber certeza en cuanto a la alegación de la suma fija de dinero que ha sido apropiada. No es necesario alegar expresamente que el dinero era de los fondos públicos, sino que es bastante con que ese hecho apa-

rezca de las alegaciones sobre el cargo que ocupaba el acusado y la forma en que recibió el dinero." 20 C. J. 463-4.

El texto se apoya en las siguientes autoridades que consignan en la nota No. 90: "State v. Eames, 39 La. Ann. 986, 3 S. 93; State v. Munch, 22 Minn. 67. Véase también el caso de People v. Hamilton, 3 Cal. Unrep. Cas. 825, 32 P. 526, al efecto de que una alegación de que el dinero era recibido por el acusado 'en su capacidad oficial' constituía una alegación del hecho que determinaba su carácter de 'fondos públicos,' de acuerdo con el artículo 426 del Código Penal." 20 C.J. 464, nota 90.

No obstante lo que dejamos expuesto, recomendamos como la mejor práctica la de consignar de modo expreso a quién pertenecen los fondos defraudados.

Resta sólo considerar la cuestión relativa al *bill of particulars*.

Conocemos ya la forma en que aparece redactada la acusación. El acusado pidió una información en detalle consistente en (*a*) fecha o fechas en que se hizo la apropiación, en caso de haber sido en diferentes partidas; (*b*) fecha exacta o lo más aproximadamente posible en que se hizo la apropiación y si fué en una sola partida; (*c*) cantidad o cantidades apropiadas para su uso particular; (*d*) cantidad o cantidades apropiadas para uso de otra persona; (*e*) nombre y apellido de esa persona a que se refiere la acusación, o circunstancias personales que sirvan para identificarla.

La corte negó la petición y tendría que demostrarse que había abusado de su discreción para que la sentencia pudiera ser revocada. Véase la anotación al caso de *State* v. *Lewis,* 69 W. Va. 472, en Am. Ann. Cas., 1913 A, pág. 1208:

"La función del pliego de particulares en un caso criminal es informar al acusado más ampliamente del cargo que se le hace, cuando la acusación es buena como pliego de alegaciones y la corte es de opinión que el acusado tiene derecho a alguna información adicional antes de obligársele a ir a juicio. U. S. v. Tubbs, 94 Fed.

356; Cooke v. People, 231 Ill. 9, 82 N. E. 863; People v. Jaehns, 4 N. Y. Crim. 161; Com. v. Bartilson, 85 Pa. St. 482.''

Véase también el caso de *El Pueblo* v. *Piñero,* 31 D.P.R. 1, donde esta cuestión fué tratada.

No demuestra el apelante en su alegato la necesidad en que se encontraba para preparar su defensa de conocer los particulares que pidió. Tampoco que fuera perjudicado, si es que en realidad de verdad lo fué, por no habérselos proporcionado el fiscal.

Bajo esas circunstancias y siguiendo la acusación las palabras del estatuto y conteniendo una información general suficiente, no creemos que la corte errara al negar la petición del acusado, ni menos que abusara de su discreción.

El recurso interpuesto *debe declararse sin lugar y confirmarse* la sentencia apelada.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.