El Pueblo de Puerto Rico, demandante y apelado, *v.* José Enamorado, acusado y apelante.

No. 2891.—*Visto:* Noviembre 12, 1926.  *Resuelto:* Julio 26, 1927.

Acometimiento y Agresión—Responsabilidad Criminal—Delitos—Disparos de Armas.—Cuando una persona dispara contra un automóvil con un arma peligrosa—revólver—con la intención de causar alarma, es culpable de acometimiento.

Sentencia de *Rafael López Antongiorgi,* J. (Guayama), condenando al acusado por delito de acometimiento grave. *Confirmada.*

*Arjona & Arjona.* abogados del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

La denuncia imputaba al acusado haber hecho varios disparos al denunciante y haberle ocasionado desperfectos al automóvil del cual el denunciante era el *chauffeur.* La Corte de Distrito de Guayama declaró al acusado culpable del delito de acometimiento grave.

La prueba tendió a demostrar, según las admisiones del acusado, que éste hizo varios disparos al automóvil en que viajaba el denunciante. La prueba de descargo fué en el sentido de demostrar que el acusado era un funcionario de aduanas; que sospechaba que el denunciante trataba de desembarcar bebidas de contrabando en Ponce; que cuando el automóvil del denunciante salió de la Playa de Ponce, el acusado le siguió, alumbrándole con una luz eléctrica *(flashlight)* y gritándole al denunciante que se parara. El acusado negó rotundamente el haber hecho los disparos, pero evidentemente la corte resolvió esta cuestión en contra de él.

La prueba de cargo demostró que el denunciante se alarmó con los disparos. Éste declaró que creía estaba siendo perseguido por bandidos.

Lo que ha causado demora en la resolución de este caso es que han surgido dudas respecto a si las admisiones del acusado tienden a demostrar otra cosa que no sea que él disparó al automóvil con intención de que se parara. Se alega que el acusado disparó únicamente a las gomas del automóvil. La defensa sostiene que bajo estas circunstancias, si bien puede ser culpable de otro delito, debe absolvérsele de intención alguna de herir a los ocupantes del carro.

Nuestro estatuto ha sido copiado de Texas y se han citado casos de dicho estado para demostrar que debe aparecer la intención específica de perpetrar un acometimiento. En el caso de *Johnson* v. *State,* 43 Tex. 576, por ejemplo, el acusado estaba en movimiento con un arma cargada. Éste dijo que si el denunciante se negaba a tomar le dispararía, o algo parecido. Si bien se dirigió hacia el denunciante, sin embargo, no le disparó ni hizo movimiento amenazante con las manos. La corte resolvió, en efecto, que como no había habido intención de perpetrar un acometimiento, ya que no se apuntó con el revólver, no se cometió el delito de acometimiento. Según los hechos de dicho caso, creemos que la amenaza y al adelantar el paso hacia el denunciante pudo haber sido interpretado por otras cortes como un acometimiento. Sin embargo, ese caso es fácilmente distinguible del presente, ya que en aquél no se hizo disparo alguno.

El caso de *Salisbury* v. *State,* 90 Texas Criminal Reports 438, 235 S.W. 901, era un caso más similar al presente. El acusado solicitó de la corte que diera la instrucción acerca de la intención específica de matar. La corte entre otras cosas dijo: "Aquel que dispara de pura maldad e inconsideradamente a un automóvil o a un edificio del que tiene conocimiento está ocupado, no es necesario que tenga la intención específica de matar a persona alguna para hacérsele culpable del delito de asesinato," citando casos. . . . . Luego

sigue diciendo la corte: "El apelante cita muchas autoridades en que surgió la teoría de disparar con el propósito de intimidar y en que no fué sometida. En tales casos, aunque el jurado creyera que el apelante solamente disparó para intimidar y no con el propósito de matar, sin embargo, sería culpable de acometimiento, de acuerdo con las autoridades sometidas y de acuerdo con el inciso tercero del artículo 1013 Vernons P. C.," citando casos. Más tarde sigue diciendo la corte: "El apelante admitió haber disparado con un revólver Winchester, pero negó haber tenido la intención de causar daño, alegando que disparó únicamente con la intención de agujerear una goma y con el fin de que se parara el vehículo." El acusado fué declarado culpable de acometimiento grave.

No analizaremos las otras autoridades pero el examen que hemos hecho nos satisface de que las decisiones de Texas no son distintas de la jurisprudencia en general.

De acuerdo con las mejores autoridades, según las hemos leído, se comete el delito de acometimiento cuando un hombre tiene motivos fundados *(reasonable ground)* para creer que otra persona trata de cometer una agresión. Bajo "motivo fundado" prácticamente existe casi siempre el disparar deliberadamente un revólver o pistola en la dirección general en que se halla el perjudicado. Un número de casos deciden que aún si la intención que se tiene es tan sólo de intimidar, el disparar sin autorización o ilegalmente constituye un acometimiento. El fin de la ley es impedir una alteración de la paz. Cuando una persona toma en sus manos un arma peligrosa y la dispara contra un barco, casa o automóvil con la intención de causar alarma es culpable de acometimiento. Si el acusado disparó meramente para que el carro se parara, según tienden a probar sus admisiones, él disparó con el objeto de causar alarma. El acto de disparar con el fin de intimidar está llamado a producir una alteración de la paz, ya que un hombre que ha sido alarmado en esa forma muy generalmente está justificado al contestar dis-

parando también. Algunas de las autoridades que sostienen esta conclusión son las siguientes: *Salisbury* v. *State, supra; Malone* v. *State,* 26 S. 968; *State* v. *Baker* (R.I.), 38 A. 653; *Commonwealth* v. *White,* 110 Mass. 407; *Smith* v. *Commonwealth,* 100 Pa. St. 324, 329; *Hickey* v. *Welch,* 91 Mo. App. 4; Wharton's Criminal Law, décima edición, tomo 1, párrafos 605 al 608; *State* v. *Lehman,* Ann. Cases 1917 D 615 y nota; *People* v. *Raher,* 92 Mich. 165, 31 A. S. R. 575; 5 C. J. 617.

Otro de los señalamientos se refiere a la supuesta duplicidad al imputarse que los disparos hicieron blanco en el automóvil, etc., pero las palabras pueden considerarse que fueron usadas para agravar el delito o eran meramente superfluas.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Señor Hutchison no intervino.

OPINIÓN DISIDENTE EMITIDA POR EL JUEZ PRESIDENTE SR. DEL TORO.

Se imputó al acusado el hecho de haber acometido maliciosa y criminalmente a Carlos P. Martínez, haciéndole varios disparos de revólver, o sea el delito prescrito en la sección 1 de la Ley para determinar y castigar acometimiento, etc., aprobada en 10 de marzo de 1904, (Comp. 1911, pág. 948), que dice:

"Sección 1. Todo acto ilegal de inferir algún daño violento en la persona de algún semejante con la intención de causarle daño, cualquiera que sean los medios o el grado de violencia que se emplearen, constituirá un delito de acometimiento y agresión. Toda tentativa para cometer una agresión, o cualquiera señal de amenaza que demuestre en sí o con palabras una intención inmediata acompañada de aptitud para cometer la agresión. será considerada como un acometimiento."

El acusado alegó que la denuncia no imputaba el delito de acometimiento con circunstancias agravantes, porque no alegaba que el acto se hubiera cometido con la intención de

causar daño personal a Martínez. El fiscal reconoció que la denuncia era defectuosa. La corte sin embargo dijo:

"La Corte entiende que en todo delito, para que exista, debe haber la intención y el acto: la intención es un elemento esencial, pero tratándose de una tentativa de acometimiento y agresión o sea de un delito de acometimiento, no es necesario que exista la intención."

El propio fiscal insistió en que debía alegarse la intención lo mismo en la tentativa que en la agresión. Eso no obstante, la corte declaró sin lugar la excepción y el juicio siguió adelante.

En mi opinión el criterio de la corte sentenciadora era completamente erróneo tratándose como se trata de un acometimiento perseguido por la vía criminal, y opino también que ese criterio erróneo fué el que llevó a la dicha corte a dictar la sentencia condenatoria de que apela el acusado.

Aceptando que por otras razones pueda considerarse que la excepción previa era improcedente, ya que la intención de causar daño personal a Martínez podía deducirse del hecho que se le imputaba, o sea, *haberlo acometido haciéndole varios disparos de revólver*, (*El Pueblo* v. *Montañez*, 31 D.P.R. 516), un examen cuidadoso de la evidencia me obliga a concluir que sólo actuando influída por el criterio erróneo que conocemos pudo la corte de distrito estimar que el acusado era culpable del delito que se le imputaba.

La prueba de cargo, dadas todas las circunstancias que de la misma surgen, me parece en verdad sospechosa, pero partiendo de la base de que el juez sentenciador pudo fundar su fallo en lo que algunos de los testigos de cargo dijeron que dijo el acusado y que éste negó, todo lo que resulta es que el acusado, que era un empleado de la Aduana de Ponce y que tenía motivos fundados para creer que en el carro que conducía el denunciante se transportaba un contrabando, le dió el alto y como no obedeciera, disparó a las gomas del carro con intención de obligarlo a parar.

Claro es que si el acusado hubiera herido o causado la

muerte de alguna de las personas que en el carro iban, hubiese sido responsable de las consecuencias de sus actos, pero tal cosa no sucedió.   Las consecuencias fueron las naturales de la intención.

No existiendo como no existe la más leve prueba de que el acusado disparara con la intención de causar daño al denunciante, ni de que de hecho le causara daño alguno, ¿cómo puede declarársele culpable de haberle acometido con tal intención?

Por virtud de lo expuesto, no puedo estar conforme con el criterio de la mayoría.   A mi juicio debe revocarse la sentencia recurrida.