El Pueblo de Puerto Rico, demandante y apelado, *v.* José Alvarado Rentas, acusado y apelante.

Núm. 7577.—*Sometido:* Mayo 25, 1939. *Resuelto:* Junio 7, 1939.

*Adolfo García Veve,* abogado del apelante; *R. A. Gómez, Fiscal, y Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

José Alvarado Rentas fué acusado de cometer un delito de atentado contra la vida en la persona de Pedro Polo Gómez Masas, a quien, según la acusación, agredió con un machete el día 2 de junio de 1936 en Gurabo. El jurado le halló

culpable de este delito y la corte le condenó a cumplir seis meses de cárcel, con lo cual no estuvo conforme, y apeló. Basa su recurso en los siguientes tres errores en que a su juicio incurrió la corte inferior:

"1. Al negarse a concederle al acusado un nuevo juicio por el fundamento de que el veredicto es contrario a derecho y a la prueba.

"2. Al permitirle al ministerio fiscal que impugnara sus propios testigos.

"3. Al examinar extensamente a los testigos."

■■■ En cuanto al primero, es claro que si el veredicto es contrario a la prueba, procede la concesión de un nuevo juicio de acuerdo con el artículo 303 del Código de Enjuiciamiento Criminal (ed. 1935). Pero aunque es cierto que entre lo declarado por los testigos del fiscal y lo declarado por el acusado en su defensa como único testigo de sí mismo, existe un marcado conflicto, sin embargo, es forzoso concluir que el jurado tuvo ante sí prueba bastante para encontrar al acusado culpable del delito que se le imputa.

De acuerdo con el fiscal los hechos ocurrieron del modo siguiente: Pedro Polo Gómez Masas, el agredido, salió temprano de su casa el día de autos para llevar una leche del barrio de Navarra, donde residía, a Caguas. Iba a caballo por un camino vecinal y al desembocar a la carretera insular se encontró con varios amigos, entre los cuales estaba el acusado, al frente de quien siguió caminando, aun en el caballo. Al poco rato oyó una voz e inmediatamente después recibió dos machetazos por la espalda, sin poder defenderse, pues según él sólo llevaba en una de las banastillas una pistola vieja y sin peine. Por motivos que no son ahora del caso, el acusado y el agredido tuvieron, cinco o seis años antes del altercado, un disgusto en que el agredido resultó herido de bala. Ésta es en síntesis la declaración de la víctima Pedro Polo, que fué corroborada por el resto de los testigos ofrecidos por el fiscal. La del acusado coincide en varios extremos, pero como es natural, siendo la teoría de su caso que actuó en defensa propia, de su declaración apa-

rece que al acercarse la víctima en el caballo hacia el grupo en que caminaba oyó que aquél le dijo que la ocasión era propicia para desquitarse de la agresión de que años antes había sido víctima, y acto seguido sacó de la banastilla una pistola, logrando el acusado herirle con el machete en la forma que conocemos, antes de que hiciera blanco con el arma.

La misión del jurado es juzgar sobre la credibilidad de los testigos y resolver los conflictos que la evidencia de las partes contendientes plantean, y no deben los tribunales de justicia intervenir con los veredictos que rindan, a menos que los mismos no estén sostenidos por la prueba. En el caso de autos pudo haber llegado a otra conclusión, pero el hecho de que no lo hiciera no le daba derecho al acusado a obtener un nuevo juicio, pues hubo prueba suficiente para justificar un veredicto de culpabilidad.

"Es al jurado a quien corresponde el derecho y el deber de declarar si la prueba es suficiente para sostener la acusación que imputa a Pedro Ramírez el hecho de haber dado muerte a Rafael Vives Nazario, con malicia premeditada y con el deliberado propósito de matarle, o si, por el contrario, la prueba de la defensa estableció satisfactoriamente la defensa propia. Es al jurado a quien la ley otorga también la facultad de juzgar sobre la credibilidad de los testigos, y de dirimir los conflictos o contradicciones que surjan de la evidencia presentada por ambas partes. Y es el deber del tribunal sentenciador y de las cortes de apelación sostener los veredictos, excepto en aquellos casos en que el jurado ha cometido un abuso manifiesto de sus facultades." *El Pueblo* v. *Ramírez*, 50 D.P.R. 234, 289.

Véase también el caso de *El Pueblo* v. *Pelliccia*, 53 D.P.R. 591, 594, y casos en él citados.

Debe por tanto declararse sin lugar el primer alegado error.

▆▆ Para sostener el segundo, el acusado hace referencia en su alegato a dos situaciones: la primera, mientras declaraba el testigo del fiscal Alejandro Ramos sobre cierta declaración que respecto al caso que se ventilaba había prestado ante el fiscal con anterioridad; y la segunda, cuando

declaraba José Martínez, otro testigo del fiscal, en relación con la pistola que la víctima llevaba en las banastillas. En cuanto a la primera de las dos situaciones, el acusado no tomó excepción. Por tanto, aun asumiendo que la irregularidad se cometiera, no estamos en condiciones de poder revisarla. En cuanto a la otra situación, convenimos con el fiscal en que no se trata de una impugnación de testigo sino de preguntas que hacía el fiscal al testigo para aclarar manifestaciones hechas a preguntas de la defensa en el contrainterrogatorio. Debe desestimarse también este supuesto error.

█ El tercero es trivial. En primer lugar, de la transcripción de la evidencia no surge que el juez de la corte *a quo* examinara extensamente, como alega el acusado, a los testigos, pero de haberlo hecho tampoco aparece que el apelante hiciera objeción alguna a ello y menos aún que tomara excepción contra la actuación del juez.

Las cortes inferiores tienen amplia facultad y discreción para conducir el juicio de una causa y para intervenir cuando a su juicio fuera necesario en el examen de los testigos, con el propósito de aclarar hechos que no hubiesen quedado bien establecidos por el examen de las partes. Esa intervención debe ajustarse a las mismas reglas y limitaciones impuestas por la ley a las partes y no debe tender en modo alguno a favorecer ni a perjudicar a una de las partes litigantes. El récord no demuestra que el juez en el presente caso se desviara de esta regla.

*Por las razones expuestas debe confirmarse la sentencia apelada.*