El Pueblo de Puerto Rico, demandante y apelado, *v.* Sixto Manuel Carmona, acusado y apelante.

Núm. 11661.—*Sometido:* Abril 9, 1947. *Resuelto:* Abril 30, 1947.

*Sixto Manuel Carmona,* por su propio derecho; *Hon. Procurador Ge-*
*neral Interino Luis Negrón Fernández, y Joaquín Correa Suárez,*
*Fiscal Auxiliar del Tribunal Supremo,* abogados de El Pueblo,
apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tri-
bunal.

Sixto Manuel Carmona fué acusado y convicto ante la
Corte de Distrito de Humacao del delito de escalamiento en
primer grado subsiguiente. No conforme con la sentencia
impuéstale apeió para ante este Tribunal y en apoyo de su
recurso ha radicado por sí mismo un pliego escrito a mano
que intitula "Sobre alegatos". En él no hace un señala-
miento de los errores cometidos a su juicio por la corte in-
ferior, tal cual exige la Regla 11 de este Tribunal. Empero,
al igual que opina el Fiscal en su alegato, entendemos que
el propósito del acusado fué imputar a la corte inferior los
tres errores siguientes:

1. Irregularidad en los procedimientos que dieron lugar
a la formulación de la acusación;

2. El no haber tenido una adecuada defensa; y

3. Ser el veredicto contrario a la prueba.

Discutiremos las cuestiones antes mencionadas en el or-
den en que las hemos expuesto.

La acusación presentada en este caso está suscrita
por el Fiscal del Distrito de Humacao y en ella se hace cons-
tar que la misma "está basada en el testimonio de testigos
examinados bajo juramento ante el Juez de Paz de Fajardo,
creyendo solemnemente que existe justa causa para presen-
tarla al tribunal." Artículo 3, Cód. Enj. Crim. El acusado
sostiene en su referido escrito que él no fué llevado ante

ningún juez ni fiscal para ser procesado por el delito imputádole. No hay ley en Puerto Rico que exija que mientras se está investigando una causa el acusado tenga que ser llevado ante un juez o fiscal. *Pueblo v. Rodríguez,* 62 D.P.R. 778, 780; *Pueblo v. Travieso,* 60 D.P.R. 530, 535; *Pueblo v. Montañez,* 31 D.P.R. 516; y *Pueblo v. Rivera,* 25 D.P.R. 831. En este caso la acusación fué radicada oportunamente ante la Corte de Distrito de Humacao, y al leerse la misma el acusado estuvo presente y representado por letrado. No hay duda de que el procedimiento se ajustó a derecho.

■ Por otra parte, creemos que el acusado estuvo debimente representado por letrado durante el juicio. Del legajo de sentencia se desprende que al llamarse el caso en 23 de octubre para la lectura de la acusación, él compareció en persona y asistido *por este acto solamente* del Lic. Rafael S. Vidal. En ese momento el acusado informó al tribunal que pensaba contratar los servicios del Lic. Cruz Ortiz Stella para la defensa de su caso, procediéndose entonces a la lectura de la acusación y concediéndole el tribunal tres días para hacer la alegación correspondiente. El 26 de octubre compareció nuevamente el acusado en persona, hizo alegación de inocencia y solicitó juicio por jurado. Al ser llamado el caso en 11 de de diciembre de 1946, compareció una vez más el acusado en persona y la corte inmediatamente manifestó:

"La Corte va a nombrarle abogado de oficio en este caso, al Lic. Vidal, para ver este caso. 5 minutos de receso."

Al reanudarse la sesión el juez preguntó:

"¿Las partes están listas?" Y la defensa contestó: "Estamos listos . . . . . El acusado reitera su alegación de inocencia . . . . . La defensa no tiene testigos." Tr. Ev., págs. 1 y 2.

En los autos no hay constancia de que el acusado personalmente o por mediación de su abogado manifestara en momento alguno que no estaba listo para entrar a juicio o que solicitara la suspensión del caso. Por el contrario, repeti

mos, de ellos sólo se desprende que el acusado manifestó que estaba listo. Si bien aparece que la corte declaró un receso de cinco minutos, no se sabe con certeza qué tiempo duró el mismo y debe recordarse además que el Lic. Rafael S. Vidal fué quien representó al acusado originalmente en el acto de la lectura de la acusación y que posiblemente él estaba familiarizado con los hechos del caso.

Hemos leído cuidadosamente el caso de *Pueblo* v. *Muriel,* 57 D.P.R. 914, mencionado por el acusado en su escrito y creemos que el mismo es enteramente distinto al presente. En ese caso Muriel manifestó que no tenía testigos ni nada citados porque no sabía cuándo se iba a ver el juicio. Luego insistió en que necesitaba preparar su defensa y solicitó se le concedieran dos o tres días. La corte se negó a ello, le nombró un abogado de oficio y concedió a éste diez minutos para prepararse, a pesar de manifestar dicho letrado que tenía un caso en otra sección del tribunal. La situación allí reveló un estado completo de indefensión. Aquí, sin embargo, los derechos substanciales y constitucionales del acusado estuvieron debidamente protegidos. No procede la segunda contención del acusado.

En reiteradas ocasiones hemos dicho que el jurado es el juez de los hechos en las causas que se le someten y y que a no ser que de los autos se desprenda que éste ha cometido manifiesto error o haya incurrido en prejuicio o parcialidad no alteraremos el veredicto. *Pueblo* v. *Rivera,* ante pág. 194; *Pueblo* v. *Betancourt,* 66 D.P.R. 132, y *Pueblo* v. *Millán,* 66 D.P.R. 243, 248.

La detenida lectura que hemos hecho de la transcripción de evidencia no nos convence de que el jurado cometiera manifiesto error o actuara movido por pasión, prejuicio o parcialidad. La prueba de El Pueblo tendió a demostrar que en la madrugada del 18 de agosto de 1945 el acusado penetró en la casa de Amador Kercadó Mitchel, sita en la Playa de Fajardo, y que de allí sustrajo un pantalón, una correa y una cinta métrica. La de la defensa, que consistió

en el solo testimonio del acusado, tendió a controvertir la de cargo, pero lejos de lograrlo corroboró ésta en varios extremos. Ya hemos indicado que al jurado incumbía dirimir cualquier conflicto en la prueba y estando el veredicto sostenido por la evidencia no debemos alterarlo.

*Debe confirmarse la sentencia apelada.*