EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN E. CORTÉS, acusado y apelante.

Núms. 13147, 13148 y 13149.—*Sometidos:* Noviembre 1, 1948.  *Resueltos:* Noviembre 9, 1948.

*Benicio Sánchez Castaño, Buenaventura Esteve* y *Juan Figueroa Rosario,* abogados del apelante; *Hon. Procurador General Luis Negrón Fernández (José C. Aponte,* como *Procurador General Interino,* en el alegato) y *J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

En unión a otras siete personas, Juan E. Cortés fué acusado de tres delitos de asesinato por la muerte de Martín Santiago Ramírez, Nicolás Quintana y Efraín Sosa Almeyda; del delito de ataque para cometer asesinato por heridas inferídasle a Pablo Carrero García, y del delito de portar armas. Los demás acusados fueron absueltos de los delitos graves. Están ahora ante nuestra consideración las apelaciones interpuestas por Cortés contra las sentencias dictadas por la Corte de Distrito de Aguadilla en los casos seguidos en su contra por la muerte de Sosa Almeyda y por las heridas recibidas por Carrero García, en los cuales el jurado rindió veredictos de homicidio y de ataque para cometer homicidio, respectivamente.

Sostiene en primer lugar el apelante que la corte inferior erró al declarar sin lugar su moción solicitando un pliego de particulares. La concesión de mayores especificaciones cae siempre dentro de la sana discreción del tribunal a quo y su actuación no será revocada a no ser que se haya ocasionado verdadero perjuicio al acusado. *Pueblo* v.

*Marrero,* 48 D.P.R. 896; *Pueblo* v. *Pacheco,* 33 D. P.R. 224.
En el presente caso el acusado solicitó un pliego de particulares y le fué servido, enmendando entonces el Fiscal las acusaciones para ajustarlas al mismo. A estas acusaciones enmendadas la defensa solicitó un nuevo pliego de particulares y su solicitud fué denegada por la Corte. En los autos no constan las especificaciones originalmente suministradas, ni los nuevos particulares solicitados. Bajo estas circunstancias, el apelante no nos ha puesto en condiciones de resolver el error señalado, por lo que el mismo debe ser desestimado. *Pueblo* v. *Ríos,* 67 D.P.R. 350 y *Pueblo* v. *Otero,* 67 D.P.R. 404. Cf. *Pueblo* v. *Ramírez,* 50 D.P.R. 234.

■ Insiste igualmente el acusado en que la corte de distrito erró al no declarar con lugar la moción de *nonsuit* presentada en su favor en el caso seguido por la muerte de Nicolás Quintana. La apelación que ahora consideramos ha sido interpuesta en relación con la muerte del policía Sosa Almeyda por lo que en el presente caso no puede considerarse un supuesto error en que se incurriera en otro. *Pueblo* v. *Martínez,* 67 D.P.R. 858.

■ Al trasmitir sus instrucciones al jurado, el juez hizo constar "que hay una instrucción adicional que solicitó la Defensa que entiende la Corte que no procede en derecho y que el Jurado no debe tener conocimiento de la misma. Por eso la Corte no la trasmite, pero para los fines de récord hará que el Taquígrafo la transcriba . . . ." Estas manifestaciones del tribunal inferior son también objeto del señalamiento de errores. De acuerdo con el artículo 266 del Código de Enjuiciamiento Criminal " . . . Cualquiera de las partes podrá presentar al tribunal un resumen por escrito pidiendo que se comunique al jurado. Si el tribunal lo estimare exacto y pertinente, deberá comunicarlo, denegándolo en caso contrario. Al dorso de todo resumen admitido o desestimado, el tribunal consignará y firmará la providencia que recayere . . . " Aunque según ese artículo no es ne-

cesario indicar al jurado que se ha denegado una instrucción, el hacerlo en la forma en que lo hizo la corte a quo en este caso no perjudicó en manera alguna los derechos del acusado.

■ Se señala igualmente como error el haber rehusado la corte trasmitir instrucciones sobre defensa propia. La interposición de la defensa propia presupone la admisión de haber sido el acusado quien causó la muerte. En otras palabras, el acusado debe primero admitir que fué el autor de la muerte para que luego pueda alegar que actuó en defensa propia. En este caso él no admitió haber producido la muerte a persona alguna. La prueba por él aducida, tal cual se desprende del testimonio de los testigos Felino Cortés Rodríguez, Aurelio Robles Miranda, Herminio Quintana, Eloy Esteves Beauchamps y de la declaración del propio acusado, meramente tendió a demostrar que Cortés en ningún momento hizo disparo de clase alguna. Si según su propia prueba el acusado no disparó contra nadie, no vemos en realidad que fuera necesario dar instrucciones sobre defensa propia.

■ Se alega también que el veredicto del jurado es contrario a la prueba. En innumerables ocasiones hemos dicho que en los casos vistos ante jurado incumbe a éste apreciar la prueba y que no alteraremos su veredicto a no ser que se nos convenza de que al rendir el mismo el jurado cometió manifiesto error o actuó movido por pasión, prejuicio o parcialidad. *Pueblo* v. *Rivera*, 67 D.P.R. 194; *Pueblo* v. *Carmona*, 67 D.P.R. 288 y *Pueblo* v. *Muñoz*, 68 D.P.R. 171, 181. La cuidadosa lectura que hemos hecho de la transcripción de la evidencia no nos convence de que se cometiera el error señalado. *Pueblo* v. *Alvarado*, 55 D.P.R. 26.

■ Al finalizar la prueba de cargo los acusados presentaron mociones de *nonsuit* tanto en los tres casos por asesinato como en el de ataque para cometer asesinato. En ausencia del jurado la corte declaró con lugar las mociones

en cuanto a todos los acusados, a excepción de las presentadas en favor del aquí apelante por las muertes de Sosa Almeyda y Quintana y por las heridas recibidas por Carrero García. No obstante, al regresar el jurado a la sala del tribunal, la corte se expresó en los siguientes términos:

"Caballeros del Jurado: antes de continuar en el proceso deseo manifestar a ustedes que a virtud de una moción de derecho planteada la Corte en este caso ha resuelto que este proceso, que se inició por el Fiscal como un delito de asesinato basado en una conspiración de estos ocho acusados, la Corte, repito, ha resuelto que no había tal conspiración; que era floja la prueba de conspiración y que no se podía establecer más allá de duda razonable la conexión o sea el acuerdo mutuo entre estos ocho acusados para cometer el delito de asesinato, por lo cual se ordenó que se siguiera como uno de prueba directa el proceso y en esas condiciones vamos a continuar viendo este caso. También a petición de la Defensa, después que el Fiscal lo discutió convenientemente, la Corte entendió que de los ocho acusados que estaban acusados de haber causado la muerte de *Nicolás Quintana Cruz*, al declararse con lugar la cuestión de la Defensa, siete de ellos quedan exonerados, o sea *todos menos Juan E. Cortés.* [Llevándose el caso a base de prueba directa *la Corte cree que ha desfilado prueba que incrimina a Juan E. Cortés* y que exonera a los otros siete acusados, *por lo cual ordena que el Jurado rinda veredicto declarando no culpables a siete de estos acusados y que continúe el proceso contra Juan E. Cortés por la muerte de Nicolás Quintana Cruz.* Igualmente por la muerte de *Efraín Sosa Almeyda la Corte entiende que hasta la fecha hay prueba que inculpa exclusivamente a Juan E. Cortés y que releva de toda responsabilidad a los demás acusados,* por lo cual ordena que el Jurado rinda un veredicto de no culpables a favor de los acusados Andrés Cortés, Felino Cortés, Rogelio Cubero Villa, Felipe Seguinot Santiago, Francisco Vives Orfila, Pedro Ríos Traverso y Gregorio Cruz López, *y que continúe el proceso contra Juan E. Cortés.* En el caso de asesinato que se sigue contra estos ocho acusados por la muerte de *Martín Santiago Ramírez* la prueba del Pueblo ha terminado y *hasta la fecha no hay prueba que conecte a ninguno de estos acusados con la muerte de Martín Santiago Ramírez.* Hay una ausencia total de prueba contra estos acusados, por lo que *la Corte ordena que el Jurado rinda un veredicto de no culpables a favor de los acusados, incluyendo a Juan E. Cortés también.* En el delito de ataque para

*cometer asesinato* que se sigue contra estos acusados *por disparos hechos al policía Pablo Carrero García, la Corte instruye a ustedes también que rindan un veredicto declarando no culpables a todos los acusados con excepción a Juan E. Cortés, contra quien hay prueba y cuyo proceso se seguirá ventilando ante ustedes.* La Corte designa presidente del Jurado al señor José Rubianes Rosa. El Secretario llenará los modelos de veredictos a ser rendidos por el Jurado. A fin de que ustedes tengan mente clara sobre el efecto de la resolución de la Corte a las mociones presentadas por la Defensa, *la Corte desea aclarar lo siguiente: vamos a seguir viendo aquí tres procesos ante jurado, uno contra Juan E. Cortés por un delito de asesinato por la muerte de Nicolás Quintana, otro por asesinato contra Juan E. Cortés por la muerte del policía Efraín Sosa Almeyda, y otro contra Juan E. Cortés por ataque para cometer asesinato en la persona de Pablo Carrero García.* De modo, que se seguirían viendo *solamente tres casos contra un solo acusado, contra Juan E. Cortés.* Desde luego, se seguirá el caso contra los demás acusados por un delito de portar armas, excepto Felipe Seguinot Santiago.'' (Bastardillas nuestras.)

Las anteriores manifestaciones son objeto del tercer señalamiento. Este error tampoco ha sido cometido. Al expresarse en la forma en que lo hizo, no fué el propósito de la Corte exponer su criterio respecto a la forma en que ella había apreciado la prueba. Meramente estaba indicando al jurado por qué se seguiría el proceso contra un solo acusado, habiendo comenzado el mismo contra ocho. Por otra parte, el acusado guardó en todo momento el más absoluto silencio en relación con tales manifestaciones. Y ''. . . . Ya hemos resuelto que un acusado no debe permanecer callado cuando ocurre alguna anormalidad en el juicio que él considere perjudicial a sus derechos, y esperar hasta la terminación del juicio para luego, en apelación, si el veredicto le es adverso, señalar esta anormalidad como un error.'' *Pueblo* v. *Márquez,* 67 D.P.R. 326, 337 y *Pueblo* v. *Emmanuelli,* 67 D.P.R. 667.

*No habiéndose cometido ninguno de los errores señalados, procede confirmarse la sentencia apelada.*