### HOVERMALE v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. April 14, 1925.)

No. 2320.

**1. Intoxicating liquors** ⟨═⟩139—**Evidence that cider was possessed for nonbeverage purposes, but for making vinegar held properly excluded.**

Under an information charging defendant with having unlawfully in his possession intoxicating liquor, to wit, 425 gallons of cider containing more than one-half of one per cent. of alcohol by volume, exclusion of evidence offered by defendant that the cider was not possessed nor used for beverage purposes, but was made from apples grown by him and possessed for the purpose of making vinegar for home use exclusively, *held* not error; National Prohibition Act, tit. 2, § 29 (Comp. St. Ann. Supp. 1923, § 10138½p), being inapplicable.

**2. Intoxicating liquors** ⟨═⟩2½, **New, vol. 8A Key-No. Series—Possession for any purpose may be made a crime.**

It is within the power of Congress to make the possession of intoxicating liquor a crime,

though possessed for some purpose other than use as a beverage.

**3. Intoxicating liquors ⬤⤳222 — Information need not negative any matter of defense.**

Under National Prohibition Act, tit. 2, § 32 (Comp. St. Ann. Supp. 1923, § 10138½s), providing that it shall not be necessary in any information or indictment to include any negative averments but shall be sufficient to state that the act complained of was then and there prohibited and unlawful, an information which, with the additional circumstances necessary to inform the defendant of the nature and cause of the accusation, charges him with having unlawfully possessed intoxicating liquor at a stated time and within the jurisdiction of the court, is sufficient.

**4. Indictment and information ⬤⤳202(5)—Information held sufficiently specific.**

An information *held* sufficiently specific after verdict, where no bill of particulars was asked for.

**5. Indictment and information ⬤⤳119—Allegation in information that liquor was possessed "for beverage purposes" held surplusage.**

In an information charging the unlawful possession of intoxicating liquor, an allegation that it was possessed "for beverage purposes" *held* surplusage.

**6. Criminal law ⬤⤳170—Allegation which is surplusage does not affect right to plead conviction in bar of second prosecution.**

The presence in an information of an allegation which is surplusage cannot affect the right of the defendant to plead a conviction thereunder in bar of a second prosecution for the same offense properly charged therein.

In Error to the District Court of the United States for the Northern District of West Virginia, at Martinsburg; William E. Baker, Judge.

Criminal prosecution by the United States against Ernest Hovermale. Judgment of conviction, and defendant brings error. Affirmed.

Decatur H. Rodgers, E. L. Luttrell, and J. H. Zirkle, all of Martinsburg, W. Va., for plaintiff in error.

T. A. Brown, U. S. Atty., and Russell L. Furbee, Asst. U. S. Atty., both of Parkersburg, W. Va.

Before WOODS and WADDILL, Circuit Judges, and McDOWELL, District Judge.

McDOWELL, District Judge. On September 16, 1924, the district attorney filed by leave of court a verified information, which in part reads as follows:

"That Ernest Hovermale on or about the 14th day of December, 1923, and after the 16th day of January, 1920, at or near Berkeley Springs, in the county of Morgan, in the district aforesaid, and within the jurisdiction of this court, did unlawfully and knowingly possess for beverage purposes a large quantity of intoxicating liquor, to wit, four hundred twenty-five gallons cider, the same containing more than one-half of one per cent. of alcohol by volume, and being then and there fit for use for beverage purposes, a further description of the kind and quantity whereof is to the United States attorney unknown, contrary to the act of Congress passed on the 28th day of October, 1919, commonly known as the 'National Prohibition Act,' and against the peace and dignity of the United States of America."

[1] The defendant, having made no objection of any kind to the information, and not having asked for a bill of particulars, pleaded not guilty. Thereupon the government introduced evidence tending to prove everything alleged in the information except that the liquor had been possessed for beverage purposes, as to which allegation no evidence was offered.

"And thereupon the government rested its case and the defendant introduced evidence on his behalf that he was at the time of the search of his premises a farmer; that he had possession of the said cider which had been made out of apples grown by him.

"And thereupon the defendant offered to prove that said cider was not manufactured nor possessed for beverage purposes, but had been made and possessed for the purpose of making pure apple vinegar for home use exclusively; that it was never at any time used as a beverage nor intended by the defendant to be used as a beverage, to which the government by the district attorney objected, which objection was by the court sustained, to which ruling of the court in sustaining said objection the defendant excepted."

The defendant also asked for an instruction, which was refused, as follows:

"The court instructs the jury that you cannot find the defendant Ernest Hovermale guilty under this information unless you and each of you believe from the evidence beyond a reasonable doubt that the cider found on the premises of the defendant on the 14th day of December, 1923, or a part thereof, was for beverage purposes."

The same point was saved again because the charge in effect denied the validity of the defendant's foregoing contention.

There is a provision in section 29, tit. 2, of the Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½p), as follows:

"The penalties provided in this act against the manufacture of liquor without a permit

shall not apply to a person for manufacturing nonintoxicating cider and fruit juices exclusively for use in his home, but such cider and fruit juices shall not be sold or delivered except to persons having permits to manufacture vinegar."

It will be observed that the exact language of the defendant's offer of evidence, above quoted, is as follows:

"And thereupon the defendant offered to prove that said cider was   *   *   *   possessed for the purpose of making   *   *   * vinegar for home use exclusively.   *   *   *"

The astute and zealous counsel for the defendant have made no contention that the foregoing clause in section 29 of the act applies here, and we therefore have no doubt that the defendant's offer was not intended to mean that the 425 gallons of cider were intended for use as vinegar in the defendant's own home. The offer must therefore be read as meaning that the vinegar was intended for use in the homes of sundry persons. It follows that the foregoing provision of section 29 has here no application, and need not be further considered.

[2] Before going further, it may be well to say that the existence of power in Congress to make the possession of intoxicating liquor a crime, although possessed for some purpose other than use as a beverage, has been settled. Purity Extract Co. v. Lynch, 226 U. S. 192, 201, 33 S. Ct. 44, 57 L. Ed. 184; Jacob Ruppert v. Caffey, 251 U. S. 264, 299, 300, 40 S. Ct. 141, 64 L. Ed. 260; Everard's Breweries v. Day, 265 U. S. 545, 559, 560, 561, 45 S. Ct. 628, 68 L. Ed. 1174.

[3] We think it advisable to consider next the propriety of the trial court's ruling on the motion in arrest of judgment. And we have here only to inquire if the information charges an offense and so identifies the offense as to escape the charge of insufficiency in view of the possibility of a second prosecution for the same act.

Section 32, tit. 2, of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½s), reads in part as follows:

"It shall not be necessary in any   *   *   * information, or indictment   *   *   * to include any defensive negative averments, but it shall be sufficient to state that the act complained of was then and there prohibited and unlawful.   *   *   *"

We read the first clause as meaning that no matter of defense need be negatived. The expression "prohibited and unlawful" seems mere tautology, and equivalent to the use of the word unlawful. And if any effect is to be given to the foregoing provisions, it seems

necessary to hold that an information or indictment which, with the additional circumstances necessary to inform the defendant of the nature and cause of the accusation, charges the defendant with having unlawfully possessed intoxicating liquor, at a stated time and within the jurisdiction of the court, is a valid and sufficient pleading. We see no necessity for a discussion of the power of Congress to so legislate. Nothing in the statute even remotely indicates an intent to authorize a procedure which denies the defendant his constitutional right to information of the nature and cause of the accusation, or to due process of law. As a question of pleading at least, the statute makes any possession of intoxicating liquor a crime, if alleged by the United States attorney or by a grand jury to have been an unlawful possession. Any fact which makes possession of intoxicating liquor lawful is matter of defense. And we would clearly fail to give effect to the above-quoted provisions of the statute unless we hold that no matter of defense need be negatived, otherwise than by alleging that the possession was unlawful. For some purposes it may be sufficiently accurate to say that the statute does not make the mere possession of intoxicating liquor a crime. But this admission in no wise conflicts with a belief that Congress has, subject to the right of every defendant to be informed of the nature and cause of the accusation, the power to ordain that the facts making possession lawful need not be negatived by name or description; nor does it conflict with a belief that Congress has exercised such power, as above stated. We must conclude therefore that the information here sufficiently alleges every necessary element of an offense.

[4] We have no reason whatever to believe that the government pleading failed to supply any information that the defendant needed or in truth desired in order to make his defense. He made no objection to the pleading until after verdict, and did not ask for a bill of particulars. In the language of the Supreme Court, in Durland v. U. S., 161 U. S. 306, 315, 16 S. Ct. 508, 512, 40 L. Ed. 709: "If defendant had desired further specification and identification, he could have secured it by demanding a bill of particulars. Rosen v. United States, 161 U. S. 29." In Bartell v. U. S., 227 U. S. 427, 433, 33 S. Ct. 383, 384, 57 L. Ed. 583, it is said:

"As to the objection that the charge was so indefinite that the accused could not plead the record and conviction in bar of another prosecution, it is sufficient to say that in such

cases it is the right of the accused to resort to parol testimony to show the subject-matter of the former conviction, and such practice is not infrequently necessary. United States v. Claflin, 13 Blatchf. 178, 25 Federal Cases, 433, No. 14,798; Dunbar v. United States, 156 U. S. 185; Tubbs v. United States, 105 F. 59. In the Dunbar Case it was stated that other proof beside the record might be required to identify the subject-matter of two indictments, and the rule was laid down as follows .(p. 191):

" 'The rule is that if the description brings the property, in respect to which the offense is charged, clearly within the scope of the statute creating the offense, and at the same time so identifies it as to enable the defendant to fully prepare his defense, it is sufficient.' "

We must conclude that the information in the case at bar clearly measures up to the foregoing rule, and that the trial court properly overruled the motion in arrest of judgment. See Martin v. U. S. (C. C. A.) 299 F. 287, 288; Fisher v. U. S. (C. C. A. 4th Ct. October 29, 1924) 2 F.(2d) 843.

[5] As has been indicated by the statement of facts, it has been earnestly contended by counsel for the defendant throughout the case that the unnecessary allegation in the information that the defendant possessed intoxicating liquor "for beverage purposes" is not surplusage. We here use the word "surplusage" as meaning an allegation which may be disregarded, which need not be proved by the pleader, and which consequently is not put in issue by the plea of not guilty. In this sense we regard the allegation in question as surplusage. Not only could it be wholly stricken out and leave the information sufficient, but the allegation is neither descriptive of the offense, nor is it descriptive of the identity of any thing or fact material to the charge. It is a mere statement of a motive for the commission of the offense. See 12 Standard Procedure, 482; 10 Ency. Pl. & Pr. 530; 31 Corpus Juris, 748; Heard Crim. Pl. 135–137; King v. Jones, 2 B. & Adol. 611.

[6] Having stated the reason for holding that the expression "for beverage purposes" is surplusage, we can now, more conveniently than before, consider an argument to the effect that the information here does not sufficiently protect the defendant against another prosecution for the same act. The argument is thus stated:

"If this conviction is allowed to stand, then has this defendant, under the pleading in this case, been convicted of having in his possession liquor for beverage purposes, for such is the charge in the information. If the government in the future should charge him with having possessed liquor for nonbeverage purposes without a permit so to do, and introduces the evidence that was before the court at this trial, the accused could not sustain by the record a plea of former conviction, and he would be twice placed in jeopardy for the same offense."

We think that this argument not only overlooks the right of a defendant to introduce evidence dehors the technical "record" of the first trial, but that it is also fallacious in that it assumes that surplusage, in both the present pleading and in the possible future pleading, will be erroneously treated as descriptive. If in the future in another pleading founded on the same act it is alleged that the defendant possessed the liquor for uses other than as a beverage, such allegation will not be descriptive and will be surplusage. We must assume that the court, when the possible second prosecution is instituted, will refuse to find in surplusage a reason for overruling a plea of former conviction. We conclude therefore that the present pleading is not open to the foregoing objection.

As we find no error, of which the defendant can complain, the judgment below must be affirmed.