## GRAY v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. November 23, 1925. Rehearing Denied January 4, 1926.)

No. 4591.

1. **Intoxicating liquors ⬯249—Search warrant issued by commissioner need not be attested in name of President.**

A warrant to search for liquor, issued by United States commissioner, is not invalid because not attested in name of President, in view of the Espionage Act, § 6 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼f), Rev. St. §§ 911, 912 (Comp. St. §§ 1534, 1535), regulating process in United States courts not being applicable to commissioners.

2. **United States commissioners ⬯4—Commissioners not judges nor courts.**

United States commissioners are neither judges nor courts, although at times they act in quasi judicial capacity.

3. **Intoxicating liquors ⬯249—Search and seizure of liquor in rooming house valid.**

Where affidavit for search warrant stated that it was made for purpose of searching a rooming house other than rooms occupied by bona fide guests, but the warrant made no exception, and liquor was found in a room not occupied by a guest, writ and search thereunder were not invalid.

4. **Criminal law ⬯1032(1)—Indictment and information ⬯133(1)—Sufficiency of indictment cannot be challenged by motion to exclude testimony, and such objection not good on appeal.**

The sufficiency of information cannot be challenged by motion to exclude testimony, and

such motion cannot avail defendant in appellate court.

**5. Criminal law ⬅1032(1)—Indictment and information ⬅202(2)—In absence of demurrer to indictment or other motion, verdict cures all defects of form, and no objection can be raised in appellate court.**

Where sufficiency of information has not been called in question by demurrer, or appropriate motion, a verdict of guilty cures all defects of form, and no objections can be urged thereto in appellate court, unless defect affected substantial rights of accused.

**6. Indictment and information ⬅71—Information for possession which sufficiently informs accused of offense charged is sufficient.**

An information for unlawful possession of liquor in violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), which sufficiently informs accused of the offense charged, is sufficient.

**7. Criminal law ⬅409—Reception of admissions of guilt without preliminary proof held not error.**

In a prosecution for possession of liquor and maintenance of liquor nuisance, reception of testimony as to admissions of guilt by defendant at time of arrest without preliminary showing that such admissions were freely and voluntarily made *held* not error, where there was no evidence of duress.

**8. Criminal law ⬅519(9)—Confessions to officer while under arrest not necessarily involuntary.**

That confession was made by accused while under arrest, or that it was elicited by questions of officers, does not render it involuntary.

**9. Criminal law ⬅531(1)—Confessions not presumed involuntary.**

A confession is not presumed to be involuntary, and no burden rests upon the government to establish its voluntary character.

**10. Criminal law ⬅351(2)—Conduct and declarations of accused admissible to prove guilt.**

Any conduct or declarations of accused at the time of his arrest may be given in evidence to the jury to establish his guilt.

**11. Criminal law ⬅824(5)—Error cannot be predicated on failure to give instruction not requested.**

Though an instruction that confession must be voluntary in order to be considered by the jury is proper, error cannot be predicated on failure to so instruct, where no request therefor was made.

**12. Criminal law ⬅683(1)—Defendant eliciting damaging collateral matter on cross-examination and attempting to contradict same cannot object to rebuttal testimony on same issue.**

In liquor prosecution, where defendant's counsel on cross-examination of government witness adduced evidence that defendant's place was a house of prostitution, and defendant thereafter introduced testimony to disprove such evidence, he cannot predicate error on reception of rebuttal testimony to contradict evidence offered by defense.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; Adolphus F. St. Sure, Judge.

Charles H. Gray was convicted of unlawful possession of intoxicating liquors, and maintaining a common nuisance, and he brings error. Affirmed.

Williams, Kelly & McDonald, and William F. Herron, all of San Francisco, Cal., for plaintiff in error.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. [1, 2] The plaintiff in error was convicted under two counts of an information which charged him with maintaining a common nuisance and the unlawful possession of intoxicating liquors. He assigns error to the denial of his petition for the suppression of evidence obtained under a search warrant issued by a United States commissioner, and contends that it was illegally obtained, first, because the search warrant did not issue in the name of the President of the United States, and, second, because under the warrant a room in his lodging house occupied by a guest was illegally invaded and searched. As to the first ground it is sufficient to say that no statute requires that a search warrant issued by a commissioner shall be attested in the name of the President; and, although it is the general practice to attest search warrants in the name of the person or the court under whose authority they are issued, it is believed that in no case has it been held that a warrant is fatally defective in form, unless some statutory or constitutional provision prescribing the form has been disregarded. 21 R. C. L. 1265. While sections 911 and 912 of the Revised Statutes (Comp. St. §§ 1534, 1535) provide that writs and processes issuing in courts of the United States shall be under the seal of the court and signed by the clerk, that those issuing from the Supreme Court or Circuit Court of Appeals shall bear teste of the Chief Justice, and those from a district court teste of the judge, there is no statutory provision prescribing the form of writs to be issued by commissioners. Commissioners are neither judges nor courts, although at times they act in a quasi judicial capacity. Todd v. United States, 158 U. S. 282, 15 S. Ct. 889, 39 L.

Ed. 982; United States v. Tom Wah (D. C.) 160 F. 207. In the Espionage Act (40 Stat. 229 [Comp. St. 1918, Comp. St. Ann. Supp. 1917, § 10496¼f]) it was provided that a search warrant issued by a commissioner shall be "signed by him with his name of office." The writ in the present case was signed by the commissioner and attested by his hand and official seal, and in other respects it conforms to law.

[3] Without merit, also, is the contention that there was violation of the terms of the warrant in searching the room of a guest in the rooming house. The affidavit for the warrant stated that it was made for the purpose of searching a rooming house, describing it, "and the entire premises, other than such rooms as are occupied by bona fide guests." In the warrant itself, however, no exception is expressed. The room which is claimed to have been illegally searched is room 23. The officers found no guest occupying the room. They found there no bed covering on the mattress. nor clothing or wearing apparel of any kind, and the register failed to indicate that the room was then or for many months prior thereto had been occupied by a guest. Neither the plaintiff in error nor his housekeeper was able to give the name of a guest then occupying the room. Under the bed intoxicating liquor was found.

[4-6] Error is assigned to the denial of the motion of plaintiff in error to exclude all testimony as to the offenses charged for the reason that the information was fatally defective. It is said that the first count is defective for failure to allege that the plaintiff in error was the owner or in possession or control of the premises in question, but merely charges him with keeping liquor for sale therein, and that the second count is defective, in that it simply charges possession of intoxicating liquor and nothing more. The attempt to challenge the sufficiency of the information by a motion to exclude testimony was futile, and it cannot avail the plaintiff in error. Wild v. United States (C. C. A.) 291 F. 334; Stubbs v. United States (C. C. A.) 1 F.(2d) 837; Case v. United States (C. C. A.) 6 F.(2d) 530. In a case where the sufficiency of the information has not been called in question by demurrer or other appropriate motion, a verdict of guilty, while it does not cure defects in substance, such as the omission of one or more of the essential elements of the offense intended to be charged, cures all defects of form, and it is too late to urge an objection thereto in an appellate court, unless it is apparent that the defect affected the substantial rights of the accused. Shilter v. United States, 257 F. 724, 169 C. C. A. 12. We find no such fatal defect in the information here in question. In Young v. United States, 272 F. 967, we sustained an information in which the charge was substantially the same as that which is set forth in the first count herein on the ground that the offense was sufficiently described to inform the accused of the offense charged. The same may be said of the second count, which charges the plaintiff in error with willful, prohibited, and unlawful possession of certain intoxicating liquors therein described and specified in violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). Hovermale v. United States (C. C. A.) 5 F.(2d) 586.

[7-11] A witness for the government testified as follows: "When we arrested the defendant, and told him we were going to take him to San Francisco, he asked us to take him to Santa Cruz and let him plead guilty in the police court. * * * We asked him why he was bootlegging in this place, and he stated he could not make it pay. We asked him what he intended to do. He says, 'I have $500 in the bank, and I am going to throw myself on the mercy of the court and plead guilty and see if I can't get away with a fine.'" Motion was made to strike out this testimony on the ground that it was incompetent, irrelevant, and immaterial, and no proper foundation had been laid therefor. Error is assigned to the denial of the motion, and it is contended that evidence of such a confession on the part of the accused was wholly incompetent in the absence of a preliminary showing that it was made freely and voluntarily and without duress. It is true that a confession, to be admissible in evidence, must be free and voluntary and unassociated with indicia of duress, but there was nothing in the circumstances under which the said evidence was introduced to show that what was said by the plaintiff in error was not freely and voluntarily said. It is the rule in the federal courts that the fact that a confession is made by an accused person even while under arrest or when drawn out by the questions of an officer does not necessarily render it involuntary. There is no presumption against a confession and no burden upon the government to establish its voluntary character. Murphy v. United States (C. C. A.) 285 F. 801, 807; Sparf v. United States, 156 U. S. 51, 55, 15 S. Ct. 273, 39 L. Ed. 343; Perovich v.

United States, 205 U. S. 86, 91, 27 S. Ct. 456, 51 L. Ed. 722. And it is the general rule in all courts that in criminal trials the conduct of the accused at the time of his arrest many go in evidence to the jury as a means of establishing his guilt. 8 R. C. L. 191. The circumstances under which the admissions were made here all tended to indicate that they were voluntarily made. The court might properly, if requested by the plaintiff in error, have instructed the jury that the confession must have been voluntarily made in order to be considered by them. Shaw v. United States, 180 F. 348, 355, 103 C. C. A. 494. But no such request was made.

[12] Error is assigned to certain testimony received in rebuttal. It appeared that on the cross-examination of one of the witnesses for the government he was asked what kind of a place it was which the plaintiff in error kept. He answered: "Rooming house and resort." "Q. What do you mean by resort? A. House of prostitution." He was asked if he saw any prostitutes there, and answered that the plaintiff in error solicited business for one. The plaintiff in error introduced testimony to disprove the evidence so given, but he objects now that the government was allowed to thereafter introduce in rebuttal testimony to contradict the evidence so offered by the defense. We are unable to see how error can be predicated upon the court's ruling. The defense by its own interrogation of the government witness opened the door to the admission of such evidence, and, thereafter, having met the issue and attempted to disprove the testimony thus elicited, it cannot complain that in rebuttal such testimony was contradicted by witnesses for the government.

Without merit is the contention that the plaintiff in error was entitled to an instructed verdict in his favor. The evidence was ample to sustain the charge.

The judgment is affirmed.