## SPIROU v. UNITED STATES.

Circuit Court of Appeals, Second Circuit.
March 12, 1928.

No. 275.

**1. Criminal law ⬦1083—Lodgment of writ of error in clerk's office deprives District Court of further jurisdiction.**

Lodgment of writ of error in clerk's office removes cause, and deprives District Court of any further jurisdiction in criminal case.

**2. Criminal law ⬦991(2)—Excessive sentence for conspiracy is void only as to excess.**

Entire sentence for conspiracy is not vitiated because it is excessive, but sentence is void merely for excess.

**3. Criminal law ⬦1184—Excessive sentence may be corrected by reviewing court's mandate.**

Where sentence for conspiracy was excessive, Circuit Court of Appeals may correct sentence by its own mandate, instead of remanding case to District Court, with instructions to enter proper sentence.

**4. Criminal law ⬦1028—Defendant, pleading guilty, is in same position respecting matters reviewable by appeal as though jury had found him guilty.**

Where defendant, accused of conspiracy to defraud United States and commit offenses against United States, and of unlawful use of mails, in violation of Criminal Code, §§ 37, 215 (18 USCA §§ 88, 338), pleads guilty, he is in same position in respect to matters reviewable by appeal as though he had been found guilty by verdict of jury.

**5. Criminal law ⬦970(6), 1032(6)—Defendant, pleading guilty, cannot first raise questions of duplicity and misjoinder by motion in arrest or writ of error.**

Defendant, who pleaded guilty, cannot raise questions of duplicity and misjoinder by writ of error, since he is in same position as though jury had found him guilty, and questions of duplicity and misjoinder cannot be raised for first time after verdict, either by motion in arrest or by writ of error.

**6. Criminal law ⬦1167(2)—Where general sentence on three groups of counts is sustained by valid counts, it is immaterial whether other counts are good or bad.**

Where sentence was general on three groups of counts, and maximum sentence is sustained by valid counts, it is immaterial whether other counts are good or bad.

**7. Post office ⬦48(4½)—Count charging scheme to use mails to defraud insurance companies by falsely representing loss as accidental, and mailing letter pursuant thereto, held to charge offense (Cr. Code, § 215 [18 USCA § 338]).**

Charge that defendants devised scheme to use mails to defraud insurance company, by falsely representing that destruction of goods was accidental, and caused letter to be mailed pursuant thereto, *held* to sufficiently charge violation of Criminal Code, § 215 (18 USCA § 338).

**8. Post office ⬦31(1)—Each mailing constitutes separate violation of statute prohibiting unlawful use of mails (Cr. Code, § 215 [18 USCA § 338]).**

Under Criminal Code, § 215 (18 USCA § 338), relative to unlawful use of mails, each mailing constitutes separate violation of statute.

**9. Conspiracy ⬦41—Defendant held chargeable with acts of co-conspirators in scheme to defraud insurance companies by using mails to falsely represent that loss was accidental (Cr. Code, §§ 37, 215 [18 USCA §§ 88, 338]).**

In prosecution under Criminal Code, §§ 37, 215 (18 USCA §§ 88, 338), for conspiracy to defraud United States and to commit offenses against United States, and unlawful use of mails, defendant *held* chargeable with acts of his co-conspirators in scheme to use mails to defraud insurance company by falsely representing that loss was accidental.

In Error to the District Court of the United States for the Southern District of New York.

George A. Spirou was convicted of conspiracy to defraud the United States, conspiracy to commit offenses against the United States, and unlawful use of the mails, and was sentenced to imprisonment in penitentiary at Atlanta, Ga., and he brings error. Affirmed.

Henry Amerman, of New York City (J. Bradford Erb, of Chicago, Ill., of counsel), for plaintiff in error.

Charles H. Tuttle, U. S. Atty., of New York City (Alvin McKinley Sylvester and Hubert T. Delany, Asst. U. S. Attys., both of New York City, of counsel), for the United States.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM. The defendants pleaded guilty to an indictment which charged Spirou and the several other defendants with violations of sections 37 and 215 of the United States Criminal Code (18 USCA §§ 88, 338). There were 15 counts, separately charging conspiracy to defraud the United States, conspiracy to commit offenses against the United States, and unlawful use of the mails. On November 11, 1927, when the court was about to pass judgment and impose sentence, argument as to the length of the sentence having already been heard, Spirou asked leave to be represented by a different attorney, and to withdraw his plea of guilty, and plead not guilty. The court stated that the substitution of attorneys might be made in the regular way, and that he would thereafter hear counsel on his motion to withdraw the plea of guilty. A motion in arrest of judgment was made and de-

nied. The court then proceeded to impose a sentence of six years' imprisonment, and granted a stay of execution till November 29th.

[1] Thereafter the substitution of attorneys was made, the motion on the plea was heard, and an order denying leave to change defendant's plea was entered. This order was dated November 28th, but was not entered until November 30th. In the meantime Spirou had petitioned for a writ of error, the writ had been granted, citation issued, and all were filed in the District Court on November 28th. The lodgment of the writ in the clerk's office removed the cause, and deprived the District Court of any further jurisdiction. The order entered November 30th, denying the motion, is, therefore, not before us for review. It may be doubted whether such an order is ever reviewable (Whitworth v. United States, 114 F. 302 [C. C. A.' 8]; Billingsley v. United States, 249 F. 331 [C. C. A. 9]), but, if it be, and the order were properly before us, we should not hesitate to approve the discretion exercised by the court in denying the motion.

[2, 3] The sentence imposed upon Spirou was three years on counts 1 to 8, to run concurrently; three years on counts 9, 10, 11, 13, and 14, to run concurrently, but to run consecutively to the sentence on counts 1 to 8; and two years on counts 12 and 15, to run concurrently, and to run concurrently with the sentence on counts 1 to 8. Counts 1, 2, and 14 charged conspiracy, and the maximum penalty which might lawfully be imposed was two years. It is urged that this error vitiates the entire sentence. It is enough to refer to United States v. Pridgeon, 153 U. S. 48, 62, 14 S. Ct. 746, 38 L. Ed. 631, to show that this contention cannot be maintained. The sentence is void merely for the excess. Dodge v. United States, 258 F. 300, 306 (C. C. A. 2), 7 A. L. R. 1510. In Wechsler v. United States, 158 F. 579 (C. C. A. 2), this court, under similar circumstances, reversed and remanded to the District Court, with instructions to enter a sentence in accordance with the statute. We see no reason, however, why we may not adopt the less cumbersome procedure of correcting the sentence by our own mandate, as was done in Salazar v. United States, 236 F. 541 (C. C. A. 8); Priori v. United States, 6 F.(2d) 575 (C. C. A. 6); Goode v. United States, 12 F.(2d) 742 (C. C. A. 8); Jackson v. United States, 102 F. 473 (C. C. A. 9).

[4-6] Plaintiff in error attacks the indictment as insufficient in substance in its various counts, and as disclosing a misjoinder of parties and a misjoinder of counts. Having pleaded guilty, Spirou is in the same position in respect to matters reviewable by appeal as though he had been found guilty by verdict of a jury. It is well settled that questions of duplicity and misjoinder cannot be raised for the first time after verdict, by motion in arrest of judgment or writ of error. Morgan v. United States, 148 F. 189 (C. C. A. 8); Connors v. United States, 158 U. S. 408, 411, 15 S. Ct. 951, 39 L. Ed. 1033; United States v. Peterson (C. C.) Fed. Cas. No. 16,037; State v.' Hooker, 17 Vt. 658; Bishop, New Crim. Proc. § 442. There remain, therefore, only questions of the sufficiency in substance of the indictment. See Gay v. United States, 12 F.(2d) 433, 434 (C. C. A. 5); Rosen v. United States, 161 U. S. 29, 16 S. Ct. 434, 480, 40 L. Ed. 606. Moreover, it is unnecessary that every count should be sustainable. The sentence was general upon three groups of counts. If the maximum sentence of six years is sustained by valid counts, it is immaterial whether other counts are good or bad. Powers v. United States, 223 U. S. 303, 312, 32 S. Ct. 281, 56 L. Ed. 448; Buessel v. United States, 258 F. 811, 821 (C. C. A. 2); Hocking Valley Ry. Co. v. United States, 210 F. 735 (C. C. A. 6). We need not, therefore, consider each count in detail.

[7-9] Count 3 charges that the defendants devised a scheme to defraud named insurance companies and used the mails in executing it. The fraudulent scheme was to represent that the destruction by fire of insured goods in Bishop's warehouse was accidental, when in fact the fire was intentionally set by the defendants. It is charged that Spirou had goods covered by insurance in the warehouse, and that he caused a letter to be mailed inclosing a proof of loss on his policy. That this count sufficiently charged a violation of section 215 of the United States Criminal Code by plaintiff in error cannot be doubted. United States v. Kenofskey, 243 U. S. 440, 37 S. Ct. 438, 61 L. Ed. 746. Counts 4 to 7 differ from count 3 only in charging different mailings. Count 8 charges that the scheme to defraud included, not only misrepresentation as to the origin of the fire, but also false overstatements as to the amounts of losses suffered by the defendants, and the use of the mails by Spirou to effectuate it. Counts 9, 10, and 11 charge the same scheme as count 8, but set out different mailings. It has been held by authority which we cannot question that each mailing constitutes a separate violation of

the statute. In re Henry, 123 U. S. 372, 8 S. Ct. 142, 31 L. Ed. 174. Spirou was chargeable with the acts of his partners in the scheme. Hughes v. United States, 231 F. 50 (C. C. A. 5); Chambers v. United States, 237 F. 513 (C. C. A. 8). The sentence on the second group of counts was, therefore, sustainable. However much we may disapprove the practice of multiplying offenses by charging as distinct crimes different acts in execution of one fraudulent scheme, we cannot say that Spirou's maximum sentence of six years was not legally imposed, and it is unnecessary to consider the other counts which are challenged.

It is ordered that the judgment be modified, by reducing the sentence on counts 1, 2, and 14 to two years each, and, as thus modified, the judgment is affirmed.