### DAVIS v. UNITED STATES.
### No. 3133.

Circuit Court of Appeals, Fourth Circuit.
April 18, 1931.

Hiram P. Whitacre and Samuel E. Vest, both of Charlotte, N. C., for appellant.

Chas. A. Jonas, U. S. Atty., of Lincolnton, N. C., and Frank C. Patton, Asst. U. S. Atty., of Morganton, N. C., and Thomas A. McCoy, Asst. U. S. Atty., of Asheville, N. C.

Before PARKER and NORTHCOTT, Circuit Judges, and McCLINTIC, District Judge.

PER CURIAM.

Appellant, with others, was indicted in the District Court of the United States for the Western District of North Carolina, on a charge of violating the National Prohibition Act (27 USCA). On trial at Charlotte, N. C., at the October term, 1930, Davis was found guilty of unlawful sale of intoxicating liquors. On a count alleging unlawful possession on which the jury returned a verdict of guilty, judgment was suspended, and on a count alleging one of the unlawful sales on which the jury also returned a verdict of guilty prayer for judgment was continued, and on another count charging unlawful sale on which the jury returned a verdict of guilty the defendant was sentenced to serve five years in prison, from which judgment of the court this appeal was taken.

The principle question raised is as to sufficiency of the indictment, an examination of which leads us to the conclusion that the indictment was good. As was well said by Judge Parker in delivering the opinion of this court in the case of Hill v. United States, 42 F.(2d) 812, 814: "The time has passed when convictions will be reversed in the courts of the United States for mere technical defects in pleading. As said by Judge Rose, speaking for this court in Martin v. United States, 299 F. 287, 288: 'The sufficiency of a criminal pleading should be determined by practical, as distinguished from purely technical, considerations. Does it, under all the circumstances of the case, tell the defendant all that he needs to know for his defense, and does it so specify that with which he is charged that he will be in no danger of being a second time put in jeopardy? If so, it should be held good.'" See, also, Martin v. United States (C. C. A.) 299 F. 287; Hovermale v. United States (C. C. A.) 5 F.(2d) 586; Malinow v. United States (C. C. A.) 42 F.(2d) 374, 375; Dunbar v. United States, 156 U. S. 185, 15 S. Ct. 325, 39 L. Ed. 390.

Measured by the standards laid down by

this court and in the light of the tendency of the courts everywhere to disregard technicalities and to regard only essentials, the sale count in the indictment here is unquestionably good. The accused was informed of the particular violation with which he was charged, and had all necessary notice as to the charge. The indictment contains sufficient information upon which to base a plea of former conviction should it have been attempted to prosecute him again for the same offense. In addition to this, had the appellant felt that he should have additional information, a request for a bill of particulars made at the proper time would have unquestionably been granted by the court. No such request is shown in the record.

One of the assignments of error deals with a portion of the charge to the jury, but an examination of the charge shows that no error was committed. The charge of the learned judge below was eminently fair, correctly stated the law, and there is no error in it.

The judgment of the court below is accordingly affirmed.