## KACHNIC v. UNITED STATES.
### No. 6572.

Circuit Court of Appeals, Ninth Circuit.
Oct. 26, 1931.
Rehearing Denied Nov. 30, 1931.

John A. McGuire, of Prescott, Ariz., for appellant.

John C. Gung'l, U. S. Atty., of Tucson, Ariz., and J. S. Wheeler and Benton Dick, Asst. U. S. Attys., both of Phœnix, Ariz., for the United States.

Before WILBUR and SAWTELLE, Circuit Judges, and JAMES, District Judge.

SAWTELLE, Circuit Judge.

This is an appeal from the United States District Court for the District of Arizona.

A grand jury found an indictment charging jointly one John Kachnic, one Elve Upton, and appellant, Joe Kachnic, on two counts: (1) That on July 3, 1931, they did "knowingly, wilfully and unlawfully, in violation of the National Prohibition Act, have in their possession approximately 40 gallons of intoxicating liquor known as whiskey"; (2) that on July 3, 1931, they did "knowingly, wilfully, unlawfully and feloniously" transport by certain specified automobiles "more than one gallon of intoxicating liquor, to-wit: approximately 40 gallons of intoxicating liquor known as whiskey, from a point near the City of Humboldt, to another point approximately five miles northeast of the City of Prescott" in Yavapai county, Ariz.

The indictment followed the offense within twenty-four hours. Appellant was arraigned on this indictment on July 6, and, waiving counsel, he pleaded guilty. No witnesses were sworn, but Assistant United States Attorney J. S. Wheeler and Prohibition Agent F. P. Collins made statements regarding the apprehension of appellant. There was no record of any previous conviction. Appellant, when asked if there were any reason why judgment should not be pronounced against him, said that he had a wife and family to support, and had been hired to transport said liquor for $20 (in his own automobile). Whereupon sentence was pronounced by the court as follows: "That you be imprisoned

for the period of two years and six months in the Federal penitentiary at McNeil Island, to date from your arrival and fined $3,000.00 on each count, said fines to run concurrently with each other and in default thereof consecutively with imprisonment."

On July 22, John A. McGuire appeared as counsel for appellant, and filed a motion to modify the sentence to not to exceed $500 fine and six months' imprisonment on the second count, and such relief as might be proper on the first count, and for such other relief as might be proper. To this motion was attached the affidavit of appellant to the effect that "he was assisting in said unlawful transportation as a casual employee only, having been hired to drive said car and to transport the liquor therein for the sum of $20.00." There was no motion for a new trial nor any motion or request seeking to withdraw the plea of guilty; on argument of the motion the same was denied, the court refused to enter upon a further investigation of the facts in the case, to which exception was taken.

■ Appellant's first assignment of error is "that the court erred in holding and deciding that the indictment in this case charged a felony, whereas said indictment charges a misdemeanor only," in that the indictment failed to recite whether or not the defendant took part as a casual employee only.

The act of March 2d, 1929, 45 Stat. 1446, commonly known as the Jones Law, provided that: "Wherever a penalty or penalties are prescribed in a criminal prosecution by the National Prohibition Act, as amended and supplemented, for the illegal manufacture, sale, transportation, importation, or exportation of intoxicating liquor, as defined by section 1, Title II, of the National Prohibition Act, the penalty imposed for each such offense shall be a fine not to exceed $10,000 or imprisonment not to exceed five years, or both: Provided, That it is the intent of Congress that the court, in imposing sentence hereunder, should discriminate between casual or slight violations and habitual sales of intoxicating liquor, or attempts to commercialize violations of the law." Section 1.

In the case of Husty v. United States, 282 U. S. 702, 51 S. Ct. 240, 242, 75 L. Ed. 629, the Supreme Court, construing an indictment in the light of the above act, said: "It is urged that the indictment is defective, because it fails to state whether the offenses charged were felonies or misdemeanors, and whether the petitioners were charged with casual or slight violations, or habitual sales of intoxicating liquor, or attempts to commercialize violations of the law, which, petitioners argue, were made new or aggravated offenses by the Jones Act. But the Jones Act created no new crime. It increased the penalties for 'illegal manufacture, sale, transportation, importation, or exportation,' as defined by section 1, title 2 of the National Prohibition Act (27 USCA § 4), to a fine not exceeding $10,000, or imprisonment not exceeding five years, or both, and added as a proviso, 'that it is the intent of Congress that the court, in imposing sentence hereunder, should discriminate between casual or slight violations and habitual sales of intoxicating liquor, or attempts to commercialize violations of the law.' As the act added no criminal offense to those enumerated and defined in the National Prohibition Act, it added nothing to the material allegations required to be set out in indictments for those offenses. The proviso is only a guide to the discretion of the court in imposing the increased sentences for those offenses for which an increased penalty is authorized by the act."

However, since the Husty decision, supra, there has been an amendment to the Jones Act, January 15, 1931 (27 USCA § 91), that provides:

"That any person who violates the provisions of this title in *any* of the following ways:

"(1) by a sale of not more than one gallon of liquor as that word is defined by section 4 of this title: *Provided, however,* That the defendant has not theretofore within two years been convicted of a violation of this title or is not engaged in habitual violation of the same;

"(2) by unlawful making of liquor, as that word is defined by said section, in an amount not exceeding one gallon, in the production of which no other person is employed;

"(3) by *assisting* in unlawfully making or unlawfully transporting of liquor, as above defined, *as a casual employee only;*

"(4) by unlawfully transporting not exceeding one gallon of liquor, as above defined, by a person not habitually engaged or employed in, or not theretofore within two years having been convicted of a violation of such law,

shall for each offense be subject to a fine of not to exceed $500 or to be confined in jail, without hard labor, not to exceed six months, or both." [Italics our own.]

Appellant contends that this amendment radically changes the provision on which the Supreme Court ruled; that it splits the

offense of transportation into two degrees, misdemeanors and felonies; and that to charge the greater offense the indictment must charge that he was more than "a casual employee."

The indictment in the instant case charges the defendant, as a principal, with "knowingly, wilfully, unlawfully and feloniously" transporting "more than one gallon of intoxicating liquor known as whiskey, to-wit: 40 gallons of * * * whiskey. * * *" So stated, it was sufficient under the original National Prohibition Act and under the ruling of the Supreme Court in the Husty Case, and is not affected by the terms of the amendment here relied upon by appellant. The indictment charged a certain felonious act in terms specific enough to warn the defendant of the charges against him, to tell defendant "all that he needs to know for his defense, and specifies charge so that he will not be in danger of being again put in jeopardy." Davis v. United States, 49 F.(2d) 267 (C. C. A. 4).

██ The indictment deprived defendant of none of his defenses, but defendant, by his plea of guilty, waived all defenses other than that the indictment charged no offense under the laws of the United States. "Having pleaded guilty, * * * [the defendant] is in the same position in respect to matters reviewable by appeal as though he had been found guilty by verdict of a jury." Spirou v. United States, 24 F.(2d) 796, 797 (C. C. A. 2). Appellant contends that the defendant, when, before he was sentenced, he was called upon by the court to show reason why judgment should not be pronounced against him, definitely asserted that he was assisting as a casual employee only. We cannot so view his statement, for he said simply that he had a wife and family to support and had been hired to transport said liquor for $20 (in his own automobile). There was nothing, either in the indictment or during the course of the brief proceedings, to imply that defendant might be considered as a casual employee only; his own statement asserted no such claim, but was rather a very common plea for leniency on the ground of sympathy alone.

The court then abused none of its discretion, and did not err in failing to take any further steps towards determining the degree of the offense.

██ Appellant's fifth assignment of error is "that the Court erred in refusing to modify the judgment and sentence under the facts shown in the uncontradicted affidavit of defendant."

Appellant, as we have seen before, presented no petition for a new trial, nor did he ask for permission to withdraw the plea of guilty; instead he presented what is called "a motion for modification of judgment." We express no opinion as to the propriety of the method used or the manner in which appellant attempted to obtain review, but we find no error in the court's failure to reconsider the question. Holding, as we have done, that the indictment was sufficient, the court's sentence on count two was within its power and any motion for modification of the sentence was entirely within the discretion of the trial court. We think the court was fully justified in its action. The indictment specifically charged the transportation of more than one gallon of intoxicating liquor, namely, 40 gallons; as stated it charged defendant as a principal.

██ Appellant's second assignment of error was to the effect that "the court erred in rendering judgment and sentence more severe than a fine of $500.00 on the first count of the indictment and more severe than a fine of $500.00 and imprisonment in a county jail for six months on the second count of the indictment."

The indictment on the second count charged a felony, the defendant pleaded guilty thereto, and, consequently, the sentence of two years and six months in the penitentiary and the fine of $3,000 were within the power of the court. The question of severity, in view of the fact that it is a first offense, is not before us. "If there is one rule in the federal criminal practice which is firmly established, it is that the appellate court has no control over a sentence which is within the limits allowed by a statute." Gurera v. United States (C. C. A. 8), 40 F.(2d) 338, 340.

██ The indictment on the first count, however, charged merely possession, a first offense, and the maximum penalty allowed by statute (27 USCA §§ 39, 46) for that crime is a fine of $500. Therefore, the sentence of two years and six months in the penitentiary and a fine of $3,000 on that count was void as to the excess; namely, void as to the $2,500 of the fine in excess of $500, and void as to the total term of imprisonment thereunder. It is unimportant that the sentence was imposed to run concurrently with that of the second count, the sentence of two years and six months on the first count was void and cannot be upheld. However, as defendant se-

cures no diminution of the actual time that he must serve under the sentence on the second count, his term in the penitentiary will be the same, even though the penitentiary sentence on count one is void.

The judgment, as modified, is affirmed.