The People of Puerto Rico, Plaintiff and Appellee, v. Emilio Ríos et al., Defendants and Appellants.

No. 11736. Argued April 9, 1947.—Decided May 19, 1947.

*Ernesto Ramos Antonini* and *Víctor Gutiérrez Franqui* for appellants. *Luis Negrón Fernández, Acting Attorney General,* and *Joaquín Correa Suárez, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

This is an appeal taken on January 23, 1945, by the defendants, in the above-entitled cause from an order rendered by the District Judge at Large in his capacity as Substitute Judge of the extinct District Court of San Juan. From the judgment roll before us, which for the most part consists of an abridged certificate issued by the Clerk of the District Court of San Juan, the following facts appear:

Before one of the Judges of the Municipal Court of San Juan an affidavit was presented as a result of which,

a search warrant was issued. In compliance therewith, certain rooms of the Condado Hotel in Santurce were searched and two roulette tables, one dice-game table, a box containing 400 counters of different colors, 11 pairs of dice, and other appliances were seized. Emilio Ríos and Rafael Rafat were charged, before said municipal court, with violating § 299 of the Penal Code. Upon the same facts and for the same offense a complaint was subsequently filed against José Lamenza Castellón. Ríos and Rafat were convicted by the municipal court and they appealed to the district court. The charge against José Lamenza Castellón was dismissed by the municipal court because the same was not diligently prosecuted. While the case against Ríos and Rafat was pending on appeal before the District Court of San Juan, the appliances seized in the Condado Hotel under the search warrant were returned to Lamenza Castellón and later—as the judge of the lower court states, because they had been erroneously returned—the same articles were seized again by virtue of a search warrant issued against the restaurant El Morocco of Santurce, without it appearing from the record that there is any prosecution pending by reason of this second search warrant. On June 25, 1943, when the trial against Ríos and Rafat had not yet been held in the District Court of San Juan, a motion was filed by Ríos seeking the return and delivery of the property originally seized, and a hearing of the motion was held on September 14, of the same year. At the close of the hearing the moving party requested a term within which to file a memorandum of authorities, and on October 7 following, without said memorandum having been filed or the motion decided, both defendants appeared and pleaded guilty of the offense charged, whereupon they were sentenced to pay a fine of $20 plus costs, which were paid in the office of the clerk of the trial court.

At this stage, on December 3 of that same year, the district attorney filed a motion seeking the destruction of the

property already referred to, and by an order of November 2, 1944, the judge at large, in his aforesaid capacity, denied the motion of the defendants and granted that of the district attorney. A reconsideration of that decision was denied by the judge on December 28 following, whereupon, as already stated, an appeal was taken to this Court from said order of November 2.

Before proceeding with this discussion, we must state that, although the motion for the return of the property was filed exclusively in the name of Emilio Ríos, nevertheless, the motion for reconsideration of the order rendered by the judge at large and the notice of appeal were filed in the name of both defendants.

■ Although the brief filed is comparatively extensive, it does not comply with Rule 11 of this Court, inasmuch as it fails to contain a specification of the errors supposed to have been committed by the trial court. Nevertheless, after a lengthy statement of the facts of the case, there are amply discussed therein the nullity of the affidavit which gave rise to the original search warrant, the nullity of the latter and the illegal possession by the clerk of the district court of the property seized. However, the fundamental question to be decided in this case is not, in our judgment, any of those discussed by the appellants in their brief but rather the one relating to the effect that the plea of guilty entered by each defendant might have upon the pending motion filed by Emilio Ríos on January 23, 1945, for the return of the property.

■■ This Court has repeatedly held that a motion to suppress evidence illegally obtained should ordinarily be made before the trial. *People* v. *Capriles*, 58 P.R.R. 551 and *People* v. *Figueroa*, 59 P.R.R. 909. See also *People* v. *Nieves*, decided by this Court on May 8, 1947, *ante*, p. 283. A motion of that nature is a proceeding independent of the criminal cause in which such articles are to be presented in evidence. *People* v. *Mayen*, 188 Cal. 237, 24 A.L.R. 1383, 205 Pac. 435.

Section 299 of the Penal Code provides in its pertinent part, thus:

" . . . All articles and property seized under the provisions of this section, except money, shall, upon evidence before the court that such articles and property were used for gaming purposes, be confiscated and destroyed, and all money so seized shall be covered into the Insular Treasury, in the same manner as fines and costs . . . "

According to the language of said Section, the property seized herein should be confiscated and destroyed upon it being proved that the same was used for a prohibited game. This is so, because upon the Legislature declaring that the gambling implements and apparatuses are dangerous and pernicious, they cease to be regarded as property within the meaning and scope of the due process clause and are liable to seizure, forfeiture, and destruction. 24 Am. Jur., § 57, p. 437. The owner has no vested or constitutional right to the use of property which is injurious to the public health or morals, and the state, in the exercise of its police power, may authorize the seizure and destruction of property so used. 47 Am. Jur., § 51, p. 531.

██ In the instant case, the record fails to show clearly if it was proved before the trial court that such appliances were used in connection with a game of chance. We say this, because the complaint filed against the defendants has not been incorporated in the judgment roll, nor has any transcript of evidence been sent up. It was the duty of appellants to place this Court in a position to decide any error assigned by them, and they failed to do so. *People* v. *Cabrera*, 59 P.R.R. 133. However, it may be readily inferred from the order rendered by the trial court on November 2, 1944, that on February 15 of the same year evidence was introduced by the Government and the defendants and that the parties stipulated that should the witnesses for the prosecution appear to testify, they would state "that the property in question at the time of the search in the Condado Hotel

was the same one used by the accused for gambling.'' Undoubtedly, that stipulation was equivalent to the proof required by that part of § 299 of the Penal Code which we have copied above.

■■ On the other hand, the defendants, by their pleas of guilty to the charge of violating said Section, impliedly waived the motion previously filed by them requesting the restoration of the property seized by virtue of the search warrant. A plea of guilty, accepted by the court, is the equivalent of a conviction by the court or by a jury and authorizes the imposition of the penalty prescribed by law. *Spirou* v. *United States*, 24 F.(2d) 796, 797; *Kachnic* v. *United States*, 53 F.(2d) 312, 79 A.L.R. 1366, 1370. Moreover, where a defendant pleads guilty, he waives all defenses other than that the complaint or information charges no offense. 14 Am. Jur., § 272, p. 952.

For the foregoing reasons we think that it not only has been proven that the appliances whose restoration defendants sought were used by them for a prohibited game, but also that by pleading guilty of the offense charged against them they waived any right they may have had to such restoration.

In view of the above conclusions, it is unnecessary to consider the questions discussed in the appellants' brief, to which we have already referred in the course of this opinion.

The order appealed from should be affirmed.