El Pueblo de Puerto Rico, demandante y apelado, v. Emílio Ríos y Rafael Rafat, acusados y apelantes.

Núm. 11736.—*Sometido:* Abril 9, 1947. *Resuelto:* Mayo 19, 1947.

*Ernesto Ramos Antonini* y *Víctor Gutiérrez Franqui,* abogados de los apelantes; *Hon Procurador General Interino Luis Negrón Fernández,* y *Joaquín Correa Suárez, Fiscal Auxiliar del Tribunal Supremo,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

Pende ante nos la apelación interpuesta con fecha 23 de enero de 1945 por los acusados en el recurso del epígrafe contra la resolución dictada por el juez de distrito *at large* en su carácter de juez sustituto de la extinta Corte de Distrito de San Juan. Del legajo de sentencia que tenemos a la vista, que es en gran parte una certificación en relación suscrita por el Secretario del Tribunal de Distrito de San Juan, se desprenden los siguientes hechos:

Ante uno de los jueces de la Corte Municipal de San Juan se presentó una declaración jurada y como resultado de ella se expidió por dicho juez una orden de allanamiento. En cumplimiento de ella se registraron ciertas habitaciones del Hotel Condado en Santurce y se ocuparon dos mesas con ruletas, una mesa para juego de dados, una caja conteniendo 400 fichas de distintos colores, 11 pares de dados y otros artefactos. Emilio Ríos y Rafael Rafat fueron denunciados ante dicha Corte Municipal por infracción al artículo 299 del Código Penal. Por los mismos hechos y por igual delito se denunció posteriormente a José Lamenza Castellón. Ríos y Rafat fueron convictos por la Corte Municipal y apelaron para ante la Corte de Distrito. La causa contra José Lamenza Castellón fué archivada por la Corte Municipal por no haberse proseguido la misma con la debida diligencia. Mientras estaba pendiente en apelación ante la Corte de Distrito de San Juan el caso contra Ríos y Rafat, los artefactos ocupados en el Hotel Condado a virtud de la orden de allanamiento fueron devueltos a Lamenza Castellón y más tarde—según hace constar el juez de la corte inferior, por haber sido éstos devueltos erróneamente—los mismos objetos fueron reocupados a virtud de orden de allanamiento expedida contra el Restaurant

El Morocco, de Santurce, sin que de los autos aparezca que haya ningún proceso pendiente por razón de este segundo allanamiento. En 25 de junio de 1943, cuando aún no se había celebrado en la Corte de Distrito de San Juan el juicio contra Ríos y Rafat, se presentó por el primero de ellos una moción solicitando la devolución y entrega de los bienes originalmente ocupados, celebrándose la vista de ella en 14 de septiembre del mismo año. Al terminar la vista el promovente pidió se le concediera un término para presentar memorándum y en 7 de octubre siguiente, y sin que se hubiese para aquel entonces radicado el memorándum prometido ni resuelto la moción, comparecieron ambos acusados, se declararon culpables del delito imputádoles, se les sentenció a pagar una multa de $20 más las costas y pagaron la misma en la Secretaría de la corte inferior.

Así las cosas, en 3 de diciembre del indicado año el Fiscal radicó una moción interesando la destrucción de los bienes a que ya hemos hecho referencia y por resolución de 2 de noviembre de 1944 el juez at large en su indicado carácter declaró sin lugar la moción de los acusados y con lugar la del fiscal. Solicitada reconsideración, el mismo juez la declaró sin lugar en 28 de diciembre siguiente, habiéndose apelado para ante este Tribunal, conforme ya hemos indicado, de la ameritada resolución de 2 de noviembre.

Antes de proseguir debemos hacer constar que si bien la moción sobre devolución de bienes fué radicada exclusivamente a nombre de Emilio Ríos, sin embargo la moción para reconsiderar la resolución dictada por el juez at large fué presentada a nombre de ambos acusados, al igual que el escrito de apelación.

Aunque el alegato radicado es comparativamente extenso, el mismo no cumple con la Regla 11 de este Tribunal, toda vez que en él no se hace un señalamiento de los errores que se supone haber cometido la corte inferior. No obstante, luego de hacerse una extensa relación de los hechos del caso,

en él se discute con amplitud la nulidad del *affidavit* que dió origen a la orden de allanamiento original, la nulidad de ésta: y la posesión ilegal por parte del secretario de la corte de distrito de los bienes ocupados. Empero, la cuestión primordial a ser resuelta en el caso no es a nuestro juicio ninguna de las discutidas por los apelantes en su alegato, sino más bien la que se refiere al efecto que sobre la moción de devolución de bienes presentada en 25 de junio de 1943 por Emilio Ríos ha podido haber tenido la alegación de culpabilidad que hicieron ambos acusados antes de que la misma se resolviera.

 Este Tribunal reiteradamente ha decidido que una moción para suprimir evidencia ilegalmente obtenida de ordinario debe presentarse con anterioridad a la celebración de la causa criminal. *Pueblo* v. *Capriles,* 58 D.P.R. 548 y *Pueblo* v. *Figueroa,* 59 D.P.R. 918. Véase también *Pueblo* v. *Nieves,* ante, pág. 305. Una moción de esa naturaleza es un procedimiento independiente a la causa criminal en que han de presentarse tales artículos en evidencia. *People* v. *Mayen,* 188 Cal. 237, 24 A.L.R. 1383, 205 Pac. 435.

El artículo 299 del Código Penal dispone en lo pertinente:

". . . . Todo artículo y propiedad embargada según las disposiciones de esta sección, excepción hecha del dinero, será confiscado y destruído al probarse ante la corte que dichos artículos y propiedad se usaban para el juego, y todo el dinero que así se embargare ingresará en el Tesoro Insular, en la misma forma en que se ingresan las multas y costas. . . ."

Según el contexto de ese artículo los bienes aquí ocupados deben ser confiscados y destruídos al quedar probado que los mismos se usaron para un juego prohibido. Esto es así porque al declarar el poder legislativo que los artefactos y aparatos que se utilizan para un juego prohibido son dañinos y perniciosos al bienestar público, tales efectos dejan de ser propiedad dentro del significado y alcance de la cláusula sobre debido proceso de ley y están sujetos a ser ocupados, confiscados y destruídos. 24 Am. Jur., sección 57, pág. 437. El dueño no tiene ningún derecho adquirido o constitucional al

uso de propiedad que resulta perjudicial a la salud o moral públicas y el Estado en el ejercicio de su poder de policía puede autorizar la confiscación y destrucción de bienes así utilizados. 47 Am. Jur., sección 51, pág. 531.

En este caso los autos no revelan con toda claridad si ante la corte inferior se probó que dichos artefactos se usaban en conexión con un juego de azar. Decimos esto porque como parte del legajo de sentencia no figura la denuncia presentada contra los acusados y tampoco se ha elevado transcripción de evidencia alguna. Los apelantes estaban en el deber de colocar a este Tribunal en condiciones de resolver cualesquiera errores por ellos imputados y no lo hicieron. *Pueblo* v. *Cabrera,* 59 D.P.R. 135. Empero, de la resolución dictada por la corte inferior el 2 de noviembre de 1944 se desprende de manera palmaria que en 15 de febrero del mismo año se practicó prueba por El Pueblo y por los acusados y que las partes estipularon que de comparecer a declarar los testigos del fiscal éstos declararían "que los bienes en cuestión a la fecha del allanamiento en el Hotel Condado eran los que se utilizaban por los acusados para el juego." Esa estipulación sin duda equivalió a la prueba requerida por aquella parte que hemos copiado del aludido artículo 299 del Código Penal.

Por otro lado, al declararse culpables los acusados de la infracción del citado artículo imputádales, ellos renunciaron tácitamente a la moción previamente presentada solicitando la entrega de los bienes ocupados a virtud de la orden de allanamiento. Una alegación de culpabilidad aceptada por la corte equivale a una convicción por el tribunal o por un jurado y autoriza la imposición de la penalidad prescrita por la ley. *Spirou* v. *United States,* 24 F.2d 796, 797; *Kachnic* v. *United States,* 53 F.2d 312, 79 A.L.R. 1366, 1370. Además, cuando un acusado se declara culpable él renuncia a cualesquiera defensas, a no ser la de que la denuncia o acusación no imputa delito alguno. 14 Am. Jur. sección 272, pág. 952.

Por las razones anteriores no solamente creemos que quedó demostrado que los artefactos cuya devolución solicitaron los acusados eran utilizados por ellos en un juego prohibido, sino también que al declararse culpables del delito imputádoles renunciaron cualquier derecho que pudieran tener a la devolución pedida.

Dadas las conclusiones que anteceden, se hace innecesario considerar las cuestiones discutidas en el alegato de los apelantes, a que ya nos hemos referido en el curso de esta opinión.

*Debe confirmarse la resolución apelada.*